PATRICK KELLY, Appellant, *v.* CORNELIUS SHEEHAN,
Respondent.

A notice of the entry of judgment, which is not indorsed or subscribed
both with the name of the attorney and his office address or place of
business, as required by the general rules of practice (rule 2), is irregu-
lar and ineffectual to limit the time for appealing.

A party undertaking to limit the time for appealing is held to strict practice.

(Argued February 4, 1879; decided March 18, 1879.)

APPEAL from order of the General Term of the Supreme
Court, in the third judicial department, dismissing an appeal
to it from a judgment in favor of defendant.

A copy of the judgment, with notice of entry thereof,
signed by defendant's attorney, but without the addition of
his office address, or place of business, was served by mail
May 25, 1878. The notice of appeal was served on the
clerk July 25th, and on defendant's attorney July 26, 1878.

T. *McManus*, for appellant. The notice of entry of judg-
ment was a nullity; it should have been signed with the
name of the attorney and his office address or place of busi-
ness. (Rule 2, General Rules of Practice; *Yorks* v. *Peck*,
17 How., 192.) A party undertaking to limit the time to
appeal must be held to strict practice. (60 N. Y., 112.)

*Charles S. Lester*, for respondent.

*Per Curiam.* If the notice of entry of judgment in this
case was regular, the notice of appeal was served on the
defendant's attorney, one day too late, and the appeal was
properly dismissed. But the appellant takes the point that
the notice of entry of judgment was irregular and void,
because it was not indorsed, or subscribed with the name of
the defendant's attorney and his office address, or place of
business, as required by Rule 2 of the general rules of
practice. We think the point well taken.

There being no power in the court to relieve a party who fails to take an appeal in due time, however meritorious his excuse, the party undertaking to limit the time is held to strict practice.

The order of the General Term should be reversed, with costs.

All concur, except FOLGER, J., absent at argument.

Order reversed.