## PHILANDO C. LANGDON, RESPONDENT, *v.* CHARLES E. EVANS, APPELLANT.

*Appeal — Notice of entry of judgment must be both subscribed by the attorney and his office address must be stated thereon.*

A copy of a judgment signed by the clerk of the court and a notice of the entry thereof signed with the name of the attorney, but not indorsed or subscribed with his office address or place of business, was served upon the defendant against whom judgment was recovered.

*Held,* that such service was irregular and void and did not set in motion the statute limiting the time within which an appeal could be taken.

MOTION to dismiss an appeal.

——— ———, for the appellant.

*David Barnett,* for the respondent.

DYKMAN, J.:

A motion to dismiss the appeal in this action is made on the following facts: The action is replevin and judgment was entered

on the 23d day of January, 1878, and on the same ·day a copy of the judgment, signed by the clerk of the court, and written notice of the entry of the judgment, signed by the plaintiff's attorney, was served on the attorney for the defendant. On the 20th day of February, 1878, the defendant's attorney filed a notice of appeal from the judgment to the General Term of the Supreme Court, in the office of the county clerk of Kings county, where the judgment was entered. This notice of appeal was not served on the plaintiff's attorney until the 16th day of December, 1882.

To perfect this appeal it was necessary to take it within thirty days after service of a copy of the judgment appealed from, and a written notice of the entry thereof, by serving on the plaintiff's attorney and on the clerk of the court, with whom the judgment was entered by filing it in his office, a written notice of the appeal. (Code Civil Pro., §§ 1300, 1351.) Service on both the attorney and the clerk was essential, and the latter service was not made.

The excuse put forth for this non-service is that neither the copy of the judgment served nor the notice of entry was indorsed or subscribed with the name of the attorney and his office address or place of business as required by the second rule of the Supreme Court; and it is true that they were, neither of them, so subscribed.

In the case of *Kelly* v. *Sheehan* (76 N. Y., 325) a copy of the judgment with notice of the entry thereof, signed by the attorney without the addition of his office address or place of business, was served as here, and the notice of appeal was served one day too late if the notice of entry of judgment had been regular. But the Court of Appeals held that the notice of entry of judgment was irregular and void because it was not indorsed or subscribed with the name of the attorney and his office address or place of business. This omission was again held fatal to the sufficiency of the notice to set in motion the short statute of limitation to appeal in the case of *Kilmer* v. *Hathorn* (78 N. Y., 229).

These authorities are decisive of this case and the motion to dismiss the appeal should be denied, with ten dollars costs and disbursements.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Motion to dismiss appeal denied, with ten dollars costs.