# MEMORANDA

CAUSES DECIDED DURING THE PERIOD EMBRACED IN THIS
VOLUME, WHICH ARE NOT REPORTED IN FULL.

---

ANN REESE, Respondent, *v.* WILLIAM SMYTH, acting Superintendent, TALCOTT H. RUSSELL, Receiver, etc., et al., Appellants.

Where a notice of appeal from a final judgment does not specify and gives no notice of an intention to review an interlocutory judgment, the latter, as to all points covered thereby, is to be taken as the settled law of the case, and is not open for review upon the appeal. (Code of Civil Procedure, §§ 1301, 1316.)

The receiver of an insolvent New York life insurance company entered into a contract with a Connecticut company by which the latter agreed to assume the liabilities of the former company upon its outstanding policies. Certain of the policy-holders in the New York company surrendered their policies to the Connecticut company, receiving its policies in exchange. By the interlocutory judgment herein it was determined that only the holders of the policies of the New York company were entitled to share in the distribution of the fund deposited by that company with the superintendent of the insurance department. *Held*, that the Connecticut company did not, by virtue of the surrender of said policies, become a policy-holder in the New York company and was not entitled to share in the distribution.

Certain policy-holders in the New York company retained their policies, but paid one or more premiums to the Connecticut company. *Held*, that such payments could not be considered as assents to the contract; and that the parties making them did not thereby relinquish their right to share in the distribution of said fund.

(Argued January 15, 1884 ; decided February 8, 1884.)

THIS action was brought by plaintiff as a policy-holder of the National Life Insurance Company of this State to procure

a distribution of the fund in the hands of the superintendent of the insurance department. Two rival receivers, each claiming to represent the American Life Insurance Company of Connecticut, appeared and claimed a share of said fund. An interlocutory judgment was entered, settling the rights of the parties to the fund, and a referee was appointed to fix and determine the share of those entitled under said judgment. The report of the referee was confirmed, and judgment ordered and entered. The said receivers and certain policy-holders appealed. No reference was made to the interlocutory judgment in the notice of appeal.

Further facts appear in the following extracts from the opinion.

"Each of the four points raised on behalf of the New Haven company through its receiver appear to us covered by the interlocutory judgment which is not open to our review. The appeal is taken from the final judgment, and gives no notice of an intention to review the interlocutory order. (Code of Civ. Pro., §§ 1301, 1316.) We must take that, so far as it goes, as the settled law of the case, and as determining the rights of the parties.

"The New Haven company cannot have the capital of the fund, because the decree adjudges that it shall not have it, but is entitled only to a possible surplus, which the facts show cannot exist. Nor is it entitled to share with the policy-holders of the New York company as the representative of the re-insured risks and the like, because the interlocutory judgment expressly adjudges that the fund shall be distributed among the policy-holders of the New York company 'other than the plaintiff,' until they are fully paid. It may be added that there is no word of proof that the New Haven company ever became a policy-holder in the New York company, even if that were possible. The New York policies it held were all surrendered or canceled policies. Upon a reinsurance in the New Haven company the New York policy was surrendered, but not assigned. If its surrender value was paid in cash it was thereby extinguished. If the insured died and the loss was paid, the policy was canceled. All this flowed from the effect of the

contract between the two companies, which put the New Haven company in the place of the New York company as to all policy-holders whose acts constituted an assent to the change. There was, therefore, and could be no assignment of the policies in question, and in virtue of their extinguishment the New Haven company did not become a policy-holder in the New York company. Not being such, it was clearly excluded by the terms of the interlocutory judgment from sharing in the distribution.

" The final point made does not seem to us definitely raised in the case. And yet in the great volume of evidence, calculations, legal proceedings and exhibits, which we have sought to master and appreciate, it is possible that it was somewhere raised more definitely than in the final exceptions to the judgment. The New York company became insolvent and was put into the hands of a receiver on the 21st of October, 1873. The New Haven company failed in September, 1878, so that for about five years it continued business after the insolvency of the New York company. The case now suggested is that of a policy-holder in the New York company, who, retaining his policy therein, paid one or more premiums thereon to the New Haven company, and then ceased to pay at all, and the result asserted is that such policy-holder lost his recourse against the remaining assets of the New York company by reason of such payment of premiums. The argument is that it amounted to a recognition of the New Haven company as insurer, and an assent to the contract between the two companies. We do not think so. The insured never parted with his New York policy or transferred it. There was no necessity to pay premiums upon it in order to preserve its claim against the assets of the insolvent company. That claim remained so long as the policy-holder kept his policy without transfer, surrender or cancellation. He might pay further premiums upon it as a means of procuring some additional right as against the New Haven company, and when he ceased those payments may have lost that right, but he did not thereby lose his claim upon the assets of the company whose policy he continued to hold and which he had never transferred, surrendered or canceled. On

the contrary, he paid premiums on the policy he held, and indicated a purpose to preserve its force against both companies and for all purposes. It cannot at all be warped into an intended abandonment of his claim against the assets of the New York company. He remained entitled to share in the guaranty fund of the company whose policy he held. He lost only any right against the New Haven company which his continued payment of premiums to it by possibility might have given him."

*Raphael J. Moses, Jr.*, for appellants.

*Wm. H. Ingersoll* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.