ROBERT C. CLAPP et al., Executors, etc., Appellants, *v.* THOMAS R. HAWLEY et al., Respondents.

A General Term has no power to compel a party to accept notice of appeal after the time for appealing has expired, as this would be in effect to allow an appeal, which courts are expressly prohibited from doing, after the expiration of the time fixed by law for such appeal. (Code Civ. Pro., § 784.)

An order of General Term requiring a party to accept notice of appeal after expiration of the time limited, is appealable to this court.

A draft of judgment in an action tried by the court, which was filed in the county clerk's office for the purpose of entry, had appended to it the signature of the judge rendering the decision. No copy of such signature was appended to the paper purporting to be a copy of the judgment, as entered, served on the defeated party. *Held*, that this did not affect the regularity of the copy served; that on filing the decision, it was the duty of the clerk to enter judgment in conformity therewith, without further warrant (Code Civ. Pro., § 1228); he might himself prepare and

enter it or adopt the draft presented, and so the signature was no part of the judgment, and was wholly superfluous.

It is only where an interlocutory judgment is rendered, with a direction that a final judgment be settled by the court or referee, that the signature of the judge or referee to the final judgment is required. (§ 1231.)

(Argued December 16, 1884; decided January 20, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made September 12, 1884, which reversed an order of Special Term, denying a motion made by defendants to compel plaintiffs to accept notice of appeal herein, and which granted said motion.

This action was tried by the court; its decision was filed February 4, 1882. A draft of judgment, signed by the judge who tried the case, was delivered to the clerk, who used the same in entering judgment; a copy of the judgment, save that the signature of the judge was omitted, was served on defendants' attorneys February 10, 1882, indorsed as stated in the opinion. In December, 1883, defendants' attorneys served notice of appeal, case and exceptions. These were returned by plaintiffs' attorneys, with notice that they were too late.

*A. R. Dyett* for appellants. There is nothing in the defendants' claim that they were never served with a copy of the judgment, because the judge's name was at the end of the judgment annexed to the judgment-roll, and the copy served omitted this signature. (Code, § 1228; *De Lancy* v. *Blizzard*, 7 Hun, 66; *Roberts* v. *White*, 39 N. Y. [Supr. Ct.] 272; *Loeschigk* v. *Addison*, 3 Robt. 331; *French* v. *Powers*, 80 N. Y. 146; *Flenney* v. *Stedwell*, 64 id. 120; *People* v. *Bruff*, 9 Abb. N. C. 153; *Palmer* v. *Phoenix Ins. Co.*, 22 Hun, 224.) These defendants were not and could not be injured or misled by this defect, if any in the copy judgment, and it will, therefore, be disregarded, although the statute requires service of a copy. (*Union Furnace Co.* v. *Sheppard*, 2 Hill, 413.) The admission of due service by the respondents of the copy decision, and notice that it was a copy

of the decision waived all defects in the manner of service including all defects in the copy. (*Talman* v. *Barnes*, 12 Wend. 227; Code, § 994; 80 N. Y. 146.) To limit the time to appeal service of a copy of the judgment alone is sufficient. (Code, § 1351.) The authority of a decision is co-extensive only with the facts upon which it is made. (*Danks* v. *Quakenbush*, 1 N. Y. 143.) If the time to appeal had expired, the respondents had forever lost the right to appeal, and the Supreme Court had no power to relieve them. (*Wait* v. *Van Allen*, 22 N. Y. 319, 321; Code Civ. Pro., § 784.) The order was appealable. (37 N. Y. 523, 524; 42 id. 547, 548; 52 id. 590; 67 id. 1, 4; 74 id. 147; 78 id. 252, 258; 63 id. 176, 179, 568, 582; 84 id. 614, 617; 85 id. 546; 87 id. 527, 532; 90 id. 58, 63; 10 Abb. [N. S.] 289, 294; 11 id. 29, 34; 60 N. Y. 112, 114.) Sections 190, subd. 2, 3 and section 1337, include all orders affecting a substantial right and not resting in discretion, which decide an interlocutory application, or a question of practice, or are made upon summary application after judgment. (19 N. Y. 581; 26 id. 383, 386; 11 Abb. [N. S.] 174, 179, 180; 40 How. Pr. 143, 157, 161; Da Costa arg. 145–148.)

*William H. Arnoux* for respondents. The papers without signature were drafts simply, and had no validity, force or effect, nor could the filing of such papers with the clerk of the county of Westchester, make them effectual. (*Wheeler* v. *Scott*, 3 Wis. 362; *Martin* v. *Barnhardt*, 39 Ill. 9.) Every judgment in equity in this State is as a matter of fact signed either by the judge or clerk, or both. (*Layburn* v. *Green*, 2 Russ. 581; *Regina* v. *Ballivos*, 1 P. Wms. 213; *Rex* v. *Wilkes*, 4 Burr. 2566, 2570; *Ruston* v. *Trouybton*, 2 Sim. 33; *DeLaney* v. *Blizzard*, 7 Hun, 66.) In no sense was the paper served a copy of the judgment. It was not a copy of the decision. That must be signed by the judge. (*Thomas* v. *Tanner*, 14 How. 426; *Whitehead* v. *Pearce*, 9 id. 35; *Chamberlain* v. *Dempsey*, 9 Bosw. 212; 14 Abb. 241; *Lœrchick* v. *Addison*, 3 Rob. 331; 19 Abb. 169.) The papers served on defendants' attorneys were not copies of the papers

on file as required by the act, nor was the notice sufficient. (Code of Civ. Pro., § 1351; *Ely* v. *Carnley*, 19 N. Y. 496; 2 Wait's Pr. 302; *Littlejohn* v. *Munn*, 3 Paige, 280; *Smith* v. *Wells*, 6 Johns. 286; *Graham* v. *McCann*, 5 How. 353; *Chase* v. *Edwards*, 2 Wend. 283; *Hodgkinson* v. *Hodgkinson*, 2 Dowl. P. C. 654; *Pocock* v. *Mason*, 1 Bing. N. C. 246; *Lindredge* v. *Doe*, id. 6.)   The provisions of the Code that an appeal must be taken within thirty days after service of a copy of the judgment, and a notice of filing is a limitation of time and, therefore, like every thing in the nature of a forfeiture must be construed strictly. (*Kelly* v. *Sheehan*, 76 N. Y. 325; *Matter of the N. Y. C. & H. R. R. R. Co.*, 60 id. 122; *Fry* v. *Bennett*, 16 How. Pr. 402; 7 Abb. 352; *Leavy* v. *Roberts*, 8 id. 310; *Gay* v. *Gay*, 10 Paige, 369; 13 How. 423; 4 Abb. 309; 17 How. 192.)   The service of the previous notice of appeal, which was returned and retained by defendants without objection, cannot avail plaintiffs. (*Gay* v. *Gay*, 10 Paige, 369; *Fry* v. *Bennett*, 7 Abb. 352.)

RAPALLO, J.   This appeal cannot be disposed of on the ground that it involves a mere question of the practice of the court below which that court has power to regulate. By section 784 of the Code of Civil Procedure, courts and judges are expressly prohibited from allowing an appeal to be taken after the expiration of the time fixed by law, except in some cases of death.   To compel the successful party to accept notice of appeal after that time has expired, is in substance and effect to allow the appeal.   As the time fixed by law was in this case thirty days after service of a copy of the judgment, with written notice of the entry thereof, the power of the court to make the order now appealed from, depended upon the question whether the prescribed time had expired, and to determine that question it is necessary to decide whether the service made on the 10th of February 1882, was regular, the attempt to appeal not having been made till December 14, 1883, more than twenty-two months thereafter.   There being no controversy as to the facts, this question is necessarily one of law.

The order affects a substantial right. If the defendants' time to appeal had been cut off, the plaintiffs had an absolute right to the fruit of their recovery, of which it was not in the power of the court to deprive them. ( *Wait* v. *Van Allen*, 22 N. Y. 321.)

We must therefore meet the question, whether the requirement that a copy of the judgment be served, had been complied with. The sufficiency of the notice of its entry is not disputable.

The paper served on the 10th of February, 1882, was indorsed with the title of the cause, " Copy Judgment," and a notice that it was " a copy of a judgment entered in this action in the office of the clerk of Westchester county, New York, on the 4th of February, 1882." The notice was duly subscribed with the name and address of the plaintiffs' attorney. These papers were retained by the defendants' attorneys, and no offer to return them, or any objection to their regularity was ever made, until the present motion was noticed in February, 1884.

The only objection to the copy judgment now suggested is, that the draft judgment filed for the purpose of entry, in the clerk's office, had appended to it the signature of the judge upon whose decision the judgment was to be entered, while no copy of such signature was appended to the copy of the judgment, as entered, served on the defendants' attorneys. This signature was no part of the judgment entered, nor was it necessary for any purpose. Where a final judgment is awarded by the decision of the court, or the report of a referee, after the trial of issues of fact, it is made by section 1228 of the Code, the duty of the clerk, on filing the decision or report, to enter judgment in conformity therewith, without any further warrant. It is only where an interlocutory judgment is rendered, with a direction that the final judgment be settled by the court or referee, that the signature of the judge or referee to the final judgment, is required. (Code, § 1231.) The judgment entered in this case on the decision of the court, was a final one, as appears from the affidavits, and needed no signature. The signature of the judge simply relieved the clerk from the neces-

sity of comparing the decision of the court with the proposed judgment furnished by the plaintiffs' attorney, to see that they corresponded. It was no part of the judgment and was wholly superfluous. (*Loeschigk* v. *Addison*, 3 Rob. 331.) The decision was the only authority for entering the judgment. The entry of judgment is the act of the clerk, and he might himself have prepared and entered it, or he could adopt the form prepared by the plaintiffs' attorney. If to such form the plaintiffs' attorney had appended his own certificate that it conformed to the decision, and a request to the clerk to enter it as the judgment, it would hardly be pretended that if the clerk had adopted and filed such form as the judgment, a copy of the certificate must be served, to limit the time to appeal. The signature of the judge in this case was no more a part of the judgment than would have been the certificate of the attorney in the case supposed.

The order of the General Term should be reversed, and that of the Special Term affirmed with costs.

All concur.

Ordered accordingly.