ELIZABETH PATTERSON, Respondent, *v.* JANE W. McCUNN and Others, Appellants.

*Practice — when a defect in a notice of entry of judgment is waived by an admission of its due and proper service — to review an interlocutory judgment on an appeal from a final judgment, the former must be specified in the notice of appeal —Code of Civil Procedure, secs. 1301, 1316 — the court cannot amend the notice by inserting such reference.*

The notice of the entry of an interlocutory judgment in this action, served upon the guardian *ad litem* of certain infant defendants, who had appeared in person, was defective in that the post-office address of the attorney was not indorsed and subscribed upon it as required by Rule 2 of the Supreme Court. The guardian *ad litem* admitted the due and *proper* service of a copy of the interlocutory judgment, and also of a summons to attend before the referee appointed thereunder, and also of the proper service of the final judgment. *Held,* that the defect in the notice was waived and could not be urged to sustain an appeal taken after the expiration of the time, as limited by its service, had expired.

Where a notice of appeal from a final judgment makes no reference to an interlocutory judgment theretofore entered in the action, neither the interlocutory judgment nor the case and exceptions can be reviewed on the appeal, nor has the court power in such a case to amend the notice of appeal by specifying therein the interlocutory judgment to be reviewed.

Appeal by the defendants John McC. Gano and Jane W. Gano from an order made at the Special Term denying a motion for leave to file exceptions *nunc pro tunc*, that a notice of appeal be declared valid and the service thereof legal.

*Alfred Taylor*, for the appellants.

*Christopher Fine*, for the respondent.

Brady, J.:

This action was brought by the plaintiff, as one of the heirs-at-law of John H. McCunn, deceased, for the purpose of having declared void the fifth clause of the will of the decedent and a codicil thereto under which the appellants, who were infants, derived their interests, and for a partition of the real estate attempted to be devised thereby.

On the 1st of July, 1880, an interlocutory judgment was entered *nunc pro tunc* as of the 25th of January, 1878, declaring void the

clause and codicil 'mentioned, and on the 1st of November, 1881, a final judgment was entered decreeing the sale of the real estate affected by 'the clause and codicil. On the 12th of December, 1881, an appeal from the final judgment was taken by the attorney for Mr. Bachman, who was the guardian *ad litem* of the appellants, and a due admission of service of the notice of appeal was given. There was no notice of appeal, however, from the interlocutory judgment served until the 4th of February, 1885, and until after a substitution of Messrs. Taylor & Parker as attorneys for the guardian. On the 14th of January, 1885, Taylor & Parker were substituted, and on the sixteenth of February following Mr. Bachman resigned. When the notice of appeal from the interlocutory judgment was served it was returned on the ground that Messrs. Taylor & Parker were not the then attorneys of Bachman; that the notice of appeal and exceptions were not served within the time required by law, and the case, which was served by them with the notice of appeal, was not in due and proper form.

Subsequent to the resignation of Mr. Bachman, already mentioned, an order was made appointing Frederick S. Parker guardian *ad litem* for the appellants, and they made application that the order of substitution of January 4, 1884, the notice of appeal from, and exceptions to, the interlocutory judgment, the proposed case on appeal, and the order appointing Frederick S. Parker guardian *ad litem* be declared legal and service thereof valid, and that the court grant him leave to file exceptions to the findings and conclusions of law *nunc pro tunc*. The motion was denied upon the ground that the appeal from the interlocutory judgment was not taken within the time prescribed by law, and on the further ground that the notice of appeal from the final judgment made no reference to the interlocutory judgment, and therefore did not bring it up for review.

Upon the motion, it was insisted that the notice of the entry of the interlocutory judgment was invalid, for the reason that the attorney's name was signed without his post-office address, as required by Rule 2 of this court, and which proposition, it was insisted, if correct, preserved his right to appeal from the interlocutory judgment.

It was also claimed that, even if this view were erroneous under the provisions of section 1303 of the Code, a notice of appeal

having been served, the court had the power, by amendment, to supply any omissions, including even that to mention the appeal from the interlocutory judgment, as contemplated by section 1316 of the Code of Civil Procedure.

It is provided by Rule 2 of this court that all papers must be indorsed and subscribed with the name of the attorney or attorneys, and their post-office address and place of business. And it has been determined that a party who undertakes to limit the time for appealing must be held to strict practice, and that a notice of judgment which does not conform in all respects to the rule is a nullity, and may be treated as such. (*Yorks* v. *Peck*, 17 How., 192; *Kelly* v. *Sheehan*, 76 N. Y., 325; *Kilmer* v. *Hathorn*, 78 id., 228) But, unfortunately for the successful application of this rule, the guardian *ad litem*, who was the attorney in person as well, admitted the due and proper service of a copy of the interlocutory judgment, upon the 14th of September, 1880, and also due and proper service of a summons to attend before the referee appointed pursuant to that judgment, on the thirtieth of September following.

The counsel for the appellants endeavors, with great ingenuity, to overcome the effect of this admission, taking the ground that it was only to prevent any question as to the method of service, or that the service was not requisite on them at the time, and that it would be a perversion of language to hold that, by admitting service of the paper, a material addition was admitted which was necessary to its validity, and that a party should only be held to admit the service of a paper actually served, be the effect of it what it may ; and still further, that an admission of due service of a paper, which was a nullity, would be the service of it as a nullity, and nothing more.

There might be some force in this view, if the admission had not extended further, as we have seen it did, namely, admitting service of a summons to attend before the referee appointed pursuant to the judgment. This was undoubtedly a waiver of any defect in the service of the notice, and it would be unjust, after a party had received notice of the judgment, which did not in all respects comply with the rules of the court, to allow him to take advantage of the proceeding under the judgment of which he was advised and to which his notice was called by a contemplated action under it.

He should have advised the attorney for the successful party of the error. But the effect of the admission of service deprives the appellants of any results that might flow from the considerations suggested, because the admission, as we have seen, is not only of due, but of proper, service of a copy of the interlocutory judgment. The word *proper* here covers everything and disposes of the strenuous efforts, made by the counsel for the appellants, to secure the advantages which, under the decisions referred to, might arise from the imperfect notice of the entry of the judgment which was served. It must be held, therefore, that the learned justice in the court below was right in holding that no appeal was ever taken from the interlocutory judgment, and that the failure to state the post-office was an error which was plainly cured by the formal admission to which attention has been called, and particularly when it is considered that there was an admission also signed by the guardian *ad litem* of the due and proper service of the final judgment, not only as guardian *ad litem*, but as attorney for the appellants.

Although the appellants omitted to appeal within the proper time from the interlocutory judgment, they might have secured all rights by an appeal from the final judgment, if the notice of appeal had conformed to the provisions of sections 1301 and 1316 of the Code. But, unfortunately for them, the notice of appeal from the final judgment makes no reference to the appeal from the interlocutory judgment, and in such a case the interlocutory judgment, as to all points covered by it, is to be taken as the settled law of the case, and is not open to review upon the appeal. (Code of Civ. Pro., §§ 1301 and 1316; *Reese* v. *Smyth*, 95 N. Y., 645, 646.)

The application, so far as it relates to the amendment of the notice of appeal, under the provisions of section 1303 of the Code of Civil Procedure, must fail also because it was not necessary to do anything to affect the appeal from the final judgment, except, perhaps, to serve upon some of the defendants in the action the notice of appeal. So far, it might be successful under the provisions of that section. But the power of amendment does not extend to the insertion in the notice of appeal of a specification of the interlocutory judgment. That, in effect, would be enlarging the time to appeal, which the courts have not the power to do. (*Lavalle* v. *Skelly*, 90 N. Y., 546,

548; S. C., 24 Hun, 642; *Clapp* v. *Hawley*, 97 N. Y., 610; *Piper* v. *Van Buren*, 27 Hun, 384.)

In the last case cited, the General Term said that the provisions of the Code, contained in sections 1301 and 1316, made it a condition precedent in order to review an interlocutory judgment, that the appeal from the final judgment distinctly specify the interlocutory judgment, and that such a specification was essentially a condition precedent to the right to exercise a second opportunity to appeal. The disposition, therefore, of the second proposition contained in the decision of the court below is correct, namely, that the notice of appeal from the final judgment did not refer to or bring up the interlocutory judgment, and that the questions sought to be reviewed could not, therefore, be brought up; nor could the court review the case and exceptions where no appeal was taken from the interlocutory judgment within the time required by law. This is all it is considered necessary to discuss in this case, because without the amendments asked for, the appeal would be of no use to the appellants; and the views expressed, therefore, dispose of all the vital questions presented by the record. If the provisions of the Code, and the decisions relating to them, did not offer any insuperable difficulties, there would be a strong disposition upon the merits to grant all the amendments necessary to give the appellants an opportunity to review the determination of the court. It seems to have been lost by negligence or inattention.

The judgment and order appealed from must, therefore, be affirmed, but without costs.

Davis, P. J., and Daniels, J., concurred.

Judgment and order affirmed, without costs.