41 455
60 317
41 455
84 161
41 455
2ap558

## WILLIAM H. DICK, Appellant, *v.* HENRY W. LIVINGSTON, Respondent.

*Interlocutory judgment on demurrer — the intention to review it must be stated in the notice of appeal from the final judgment—Code of Civil Procedure, secs. 1301, 1316.*

The Special Term decided that the defendant in this action was entitled to judgment upon a demurrer interposed by him to the complaint, with costs, with liberty to the plaintiff to amend on payment of costs, and directed that an interlocutory judgment should be entered in accordance with such decision. The defendant taxed his costs and entered the interlocutory judgment, and thereafter, upon the failure of the plaintiff to amend within the time prescribed in the interlocutory judgment, he entered a final judgment.

The plaintiff appealed to the General Term from the final judgment, without stating his intention to review the interlocutory judgment:

*Held,* that by failing to state in his notice of appeal his intention to review the interlocutory judgment the appellant was, by sections 1301 and 1316 of the Code of Civil Procedure, precluded from reviewing the same.

*Patterson* v. *McCunn* (38 Hun, 531) ; *Reese* v. *Smyth* (95 N. Y., 645) followed.

*It seems,* that a motion to amend the notice of appeal by inserting therein an intention to bring up the interlocutory judgment for review could not be granted.

Appeal from a final judgment sustaining a demurrer to the complaint, entered upon an interlocutory judgment theretofore entered upon a decision made at the Ulster Special Term and entered in Columbia county.

*Beale & Beale,* for the appellant.

*R. E. Andrews,* for the respondent.

Bockes, P. J. :

Appeal from a final judgment in favor of the defendant on demurrer to the complaint.

The point is taken that the appellant cannot be heard on the merits, for the reason that the notice of appeal does not state an intention to review the interlocutory judgment in pursuance of which the final judgment appealed from was entered. (See Code of Civil Pro., § 1301.) This point of objection necessitates a recital of the several steps taken in the case to final judgment and to the appeal therefrom.

The issue of law raised by the demurrer was disposed of at Special Term by a decision declaring the defendant entitled to judgment on the demurrer, with costs, with liberty, however, to the plaintiff to amend the complaint on payment of costs, and directing the entry of an interlocutoy judgment in accordance with such decision. The defendant thereupon procured his costs to be adjusted and entered an interlocutory judgment as authorized by such decision, and the terms, upon which an amendment was permitted, not having been complied with in due time and manner, as provided in the interlocutory judgment, he then entered final judgment dismissing the complaint, with costs. Thereupon the plaintiff appealed to the General Term from such final judgment, but made no mention in the notice of appeal of an intention to review the interlocutory judgment on the appeal.

Now, it seems that the defendant was strictly regular in his practice. The decision disposing of the issue of law was strictly in accordance with section 1021 of the Code of Civil Procedure, as will be seen on reference to it in the appeal book.

It declared the rights of the parties on the demurrer, directed the entry of an interlocutory judgment, with the provision as to the right to amend the complaint, and also directed final judgment in case of failure to comply with its provisions, giving the right to amend.

The *decision* was not appealable, but stood as does a decision by a referee or a judge on a trial without jury, which declares the rights of the parties and directs judgment. (Sec. 1021.) So here it gave direction for the entry of an interlocutory judgment, from which an appeal might be taken pursuant to section 1349 of the Code. But here no appeal was taken from the interlocutory judgment, and its provisions permitting an amendment of the complaint not being complied with, final judgment was in due time and form entered, as theretofore in and by the interlocutory judgment was authorized

and directed. From this final judgment the present appeal was taken, but without stating in the notice of appeal an intention to review the interlocutory judgment, and consequently by sections 1301 and 1316 of the Code, the appellant is precluded from reviewing such judgment.

Thus the interlocutory judgment stands as the settled law of the case, untouched by the appeal. (*Patterson* v. *McCunn*, 38 Hun, 531, on page 534; see, also, other cases there cited; also *Reese* v. *Smyth*, 95 N. Y., 645.) The decisions in these cases are full to the point, and render further discussion of it out of place, and they also go to the length of holding that the notice of appeal in this case is not even open to amendment by inserting therein an intention to bring up the interlocutory judgment for review, were a motion made for that purpose. (*Piper* v. *Van Buren*, 27 Hun, 384, remarks of HARDIN, P. J., on pages 388, 389; *Fry* v. *Bennett*, 16 How., 385, and other cases above cited.)

There are two modes provided for reviewing an interlocutory judgment like the present. One on direct appeal therefrom, the other on an appeal from the final judgment, with a specification in the notice of appeal of an intention to bring up the interlocutory judgment for review. This, however, permits but one examination of the merits by the General Term, as will be seen on reference to section 1316 of the Code. We deem it entirely plain that the merits of this case, on the issue of law, are not before the court on this appeal. The interlocutory judgment stands on the record as the law of the case. The appeal does not bring it up for examination, inasmuch as an intention to review it is not specified in the notice of appeal. The interlocutory judgment remaining untouched by the appeal, the final judgment in pursuance of it is right and must be affirmed.

It may not be out of place to observe that we are of the opinion, after an examination of the case on the merits, that it was correctly disposed of by the Special Term, and for the reasons given in the opinion then written.

Judgment appealed from affirmed, with costs.

Present — BOOKES, P. J., LANDON and PARKER, JJ.

Judgment affirmed, with costs.