MARCELLA F. CROOK, as Administratrix etc. of Samuel H. Crook, Jr., Deceased, *et al.*, Respondents, *against* SAMUEL H. CROOK *et al.*, Appellants.

(Decided December 5th, 1887.)

Where the whole issue in a case is one of fact which is tried by a referee, judgment can be regularly entered upon his report, under section 1228 of the Code of Civil Procedure, simply upon filing the report with the clerk of the court, and without serving a copy thereof upon the attorney for the opposite party.

A copy of a judgment entered upon the report of a referee was served upon the attorney for the opposite party by leaving it with an attorney who occupied, with the attorney for the opposite party, offices which had a common entrance, the latter attorney being absent at the time. *Held*, that the person with whom the copy was left was in charge of such office, within the meaning of section 797 of the Code of Civil Procedure, and that the service was sufficient.

APPEAL from an order of this court denying a defendant's motion for an order requiring plaintiffs to accept the service of notice of appeal from a judgment, staying execution pending the appeal, and allowing defendant to prepare and serve exceptions to the referee's report and prepare and serve a case on appeal from the judgment.

This was an action on the equity side of the court, in which the plaintiffs prayed for a judgment declaring the defendant Samuel H. Crook to be a trustee of a certain lease for the benefit of the plaintiffs as administrators of Samuel H. Crook, Jr., deceased, and requiring an assignment of such lease by said defendant to said plaintiffs. An order of reference was entered, to hear and determine all the issues, to Hon. Hooper C. Van Voorst, who, on or about the 7th day of June, 1887, made and rendered his report, whereby he directed judgment in favor of plaintiffs and against the defendant Samuel H. Crook, for the relief demanded in the complaint, and further directed judgment to be entered accordingly, with costs against the said defend-

ant.   Defendant's attorney of record is and has been the
Hon. Abraham B. Tappen.   Judge Tappen did not par-
ticipate in the trial of the action before the said referee on
account of illness, and John L. Hill, Esq., acted as counsel
upon said trial and took sole charge thereof.   It is alleged
on behalf of defendant that at Mr. Hill's personal request
a copy of the referee's decision was served upon him on
June 17th, 1887, instead of upon defendant's attorney of
record, and that Mr. Hill admitted due service thereof in
the name of said attorney of record.   Thereafter a judg-
ment was entered upon said referee's report for the relief
demanded in the complaint and granting costs against the
defendant, and on or about the 2d day of August, 1887, a
copy of said judgment and a notice of entry thereof were
delivered, during the absence of said Abraham B. Tappen,
to John A. Carney, Esq., an attorney at law, who occupied
offices with the said Tappen and who was in charge of said
offices at the time of such service.   No notice of appeal
from said judgment has ever been served, either upon the
attorney for the plaintiffs or upon the clerk of this court.
After the service of said judgment and said notice of entry
thereof in the office of the attorney for the defendant, cer-
tain negotiations for a settlement of the controversy between
the parties were had, in which the attorney for the plain-
tiffs participated.   A part of the scheme of settlement pro-
posed and considered on such negotiations, was that the
defendant should not appeal from the said judgment entered
as aforesaid upon the report of said referee.   No result was
reached upon such negotiations, and no agreement of settle-
ment was entered into between the parties.   The defendant
Samuel H. Crook seeks on this application to require the
plaintiffs to serve upon his attorney a copy of the referee's
report herein, with a copy of the judgment entered thereon.
He also asks for ten days' time from such service to make,
file, and serve exceptions to said report.   He further demands
that he be allowed 30 days from the service of such judg-
ment upon him to serve a notice of appeal therefrom, and
that plaintiffs' attorney be required to accept the same.   Said

defendant's application was refused at the Special Term of this court, and from the order thereon entered, this appeal is taken.

*A. B. Tappen*, for appellant.

*Lewis Johnston*, for respondents.

LARREMORE, Ch. J. — [After stating the facts as above.] — In regard to the service of the judgment, there can be no doubt but that the same was proper and sufficient under subdivision 2 of section 797 of the Code. Mr. Carney occupied offices with Judge Tappen, the defendant's attorney, which had an entrance in common. The office was open at the time of such service, but the defendant's attorney was absent therefrom. Mr. Carney, however, was present in such offices, and even if he had not assumed to admit service of such judgment in the name of the defendant's attorney, I should have no hesitation in holding that he had charge of said office within the meaning of section 797. If, therefore, the service of the judgment and notice of entry thereof was sufficient to limit defendant's time to appeal, we are powerless to grant any relief on the present application, even if, on the inherent equities of the case, we might be inclined to do so.

It seems that the copy of the referee's report was not served upon the defendant's attorney personally, and was not served at all at his office. In lieu thereof, such service was made upon John L. Hill, Esq., who acted as counsel for said defendant upon the trial. It is asserted on behalf of the said defendant that Mr. Hill was not authorized to receive or accept service of any papers. On the other hand it is alleged by plaintiffs' attorney that the service of the copy of the referee's report was made upon Mr. Hill, upon his special request and upon his representation that he had power to admit service thereof, in the name of the defendant's attorney. It is not denied that Mr. Hill did admit service of such report in the name of defendant's attorney.

Crook *v.* Crook.

Upon these facts, and in the absence of any affidavit of Mr. Hill as to what his authority was in the premises, I should deem it necessary to have an inquiry instituted, by reference or otherwise, as to whether or not the counsel for defendant had been authorized to admit due service of the referee's report in the name of the defendant's attorney, if the legality or proper form of such service were an essential feature on this application.

But, under the present provision of the Code, I think the manner of the service of the referee's report is immaterial, in view of the fact that there is no doubt but that the judgment itself and the notice of entry thereof were duly served. Section 1228 of the Code provides that "where the whole issue is an issue of fact which was tried by a referee, the report stands as a decision of the court. Except where it is otherwise expressly prescribed by law, judgment upon such a report or upon the decision of the court, upon the trial of the whole issue of fact without a jury, may be entered by the clerk, as directed therein, upon filing the decision or report." It follows from this language that judgment can be regularly entered upon the report of the referee simply upon filing the same with the clerk of the court, and without serving a copy thereof upon the attorney for the opposite party. Under the old Code the rule was different, and provided that judgment might be entered not " upon filing the decision or report," but " after the expiration of four days from the filing of the decision or report, and the service upon the attorney for the adverse party of a copy thereof and notice of the filing, but not before " (Code Pro. §§ 267–272). The language of the old Code was unmistakable and imperative that a judgment upon the report of a referee could be regularly entered only after the expiration of four days and the service upon the opposite party of a copy thereof. The omission of this language in the present law is equally significant, and shows that the intention of the legislature was to allow judgment to be entered under such circumstances simply upon filing the referee's report. This having been done, the judgment was regularly entered,

and all that the said defendant was entitled to in order to have his time to appeal limited was service of a copy of the judgment and the notice of entry thereof.

It appears that such judgment and such notice were duly served upon him, and his present prayer is therefore nothing more or less than an application to extend his time to appeal, and this, it is well settled, is beyond the power of a court to grant (*Lavalle* v. *Skelly*, 24 Hun 642; *Piper* v. *Van Buren*, 27 Hun 384; *Durant* v. *Abendroth*, 8 Civ. Pro. 87; *Clapp* v. *Hawley*, 97 N. Y. 610).

The order appealed from should be affirmed, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.

Order affirmed, with costs.