## In re KAVANAGH'S ESTATE.

*(Supreme Court, General Term, First Department.  June 6, 1890.)*

APPEAL—SURROGATE'S DECREE—NOTICE OF ENTRY.

> Code Civil Proc. N. Y. § 2572, relating to appeals from surrogates' decrees, provides that an appeal by a party must be taken within 30 days after the service upon him or his attorney of a copy of the decree from which the appeal is taken, and a written notice of the entry thereof.  *Held*, that affidavits as to the service of a surrogate's decree adjudging certain legacies void, which failed to show that written notice of the entry of the decree had also been served, were insufficient.  Reversing 9 N. Y. Supp. 443.

Appeal from surrogate's court, New York county.

Appeal from an order of the surrogate directing the executors of the estate of Benjamin A. Kavanagh to distribute among his next of kin, within 10 days from the service of a copy of the order, the sum of $9,062.85, after deducting $75 from the share of each person to provide for the expenses of an appeal by another party, and, in case of default on their part, then directing their punishment for a contempt upon the filing of an affidavit of such default.  Code Civil Proc. N. Y. § 2572, relating to appeals from surrogates' courts, declares that "an appeal by a party must be taken within 30 days after the service upon the appellant, or upon his attorney, if any, who appeared for him in the surrogate's court, of a copy of the decree or order from which the appeal is taken, and a written notice of the entry thereof."  For former reports, see 5 N. Y. Supp. 676; 6 N. Y. Supp. 669; 9 N. Y. Supp. 443.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*James B. Campbell*, for appellants.  *George W. Carr*, for next of kin, respondents.

DANIELS, J.  The decree was made by the surrogate upon notice to all the parties to be affected by it, on the 21st of December, 1889, settling the accounts of the executors of this estate, and a balance was found in their hands of $14,725.64, subject to a deduction of $389.20.  This balance was divided by the decree into two different amounts.  One of the amounts represented a third of the estate, which had been directed by the testator's will to be paid over to the Sisters of the Poor of St. Francis.  This direction was held by the surrogate to be void on account of the decease of the testator within two months after the time of making his will.  An appeal was taken from that part of the decree to the general term, where it was affirmed.  The other two-thirds of the residue of the estate were in like manner directed to be paid to the Home for the Aged of the Little Sisters of the Poor, and that direction was held by the surrogate to be void and inoperative for the same reason.  The executors failed to comply with these directions of the surrogate, and an application upon an order to show cause was made to punish them for this failure to distribute the funds of this estate.  Prior to the hearing of the application, it appeared that an appeal had been taken from the final decree by the Sisters of the Poor of St. Francis, and an undertaking was given which was held by the surrogate to stay the proceedings as to so much of the decree as included this one-third of the amount directed to be distributed.  But as to

the remaining two-thirds, no appeal was taken from the final decree, and for that reason those two-thirds were directed to be distributed by the executors among the next of kin of the testator in the manner provided in the final decree settling the executors' account; and from the order containing this direction, and providing for the punishment of the executors by way of contempt if they failed to make the distribution of these two-thirds, the executors have appealed. And various grounds have been taken in their favor in support of the appeal, but it is not necessary to devote attention to the consideration of many of these objections. It is, however, essential for the protection of the executors that it be made to appear by the proceedings that they will be protected in making these payments against future liability on their part. And to afford them that protection, it is necessary that it should be shown that the time had expired in which an appeal might be brought in favor of the Home for the Aged of the Little Sisters of the Poor from the decree admitting the will to probate, and adjudging the direction for the payment of these two-thirds to be void, as well as from the final decree made by the surrogate for the settlement of the executors' accounts; for, if the time has not expired within which such appeals may be taken, it is possible, notwithstanding the decisions which have already taken place, that the executors may yet be required to pay two-thirds of this balance of the estate to the Home for the Aged of the Little Sisters of the Poor. And they should not be required to distribute this fund among the next of kin without the fact first being made to appear that they cannot afterwards be called upon for the money by this residuary legatee. And that fact has not been established by the papers and proofs which were produced before the surrogate on the application for the order in controversy. To extinguish the right to bring an appeal from either of these decrees it has been required by section 2572 of the Code of Civil Procedure that a copy of the decree shall be served with written notice of the entry thereof, and from the time of that service the party on whom it shall be made has 30 days within which to bring an appeal. What the papers stated before the surrogate did not establish the fact that the right of appeal had been extinguished by a compliance with this direction. As to the final decree, it is stated in the affidavit of the attorney for the executors that, on the 28th of December, 1889, he caused copies of the final decree and notice of the filing thereof to be served upon the attorney of the Little Sisters of the Poor. Where or how the service was made, or what were the contents of the notice stated to have been served, were not mentioned by him. The affidavit of Mr. Carr, which is replete with information and conclusions, is equally defective. His statement is that the decree admitting the will to probate decreed the residuary legacies null and void. "A copy of said decree with notice of its filing was duly served upon each of said legatees." A further statement was made by him in his affidavit that a copy of the final decree was served by him "on the Home for the Aged," etc., "through their attorney, William C. Orr, Esq., on January 2, 1890, so that, as to my clients,  *  *  *  the time to appeal from the decree of December 1, 1889, will expire February 1, 1890." These affidavits prove no compliance, but what has been directed for terminating the right of appeal. That of the attorney for the executors proves no service whatever of the decree, and that of the attorney for the legatees fails to prove how the service was made, or the service of the notice prescribed by this section of the Code to limit the time of appeal. The contents of the notice have not been stated, except by the most general reference to it, and no notice in either instance was given that the decree had been entered. The notice is stated to have been a notice of the filing of the decree, which decree may or may not have been complete. What this section requires is that the notice to be given shall be a notice of the entry thereof, and that entry is defined by section 2551 of the Code as a record of the decree to be made in a book provided for

that object. And to terminate the right to appeal the law has been construed to require strict practice on the part of the party endeavoring to secure that result. *Kelly* v. *Shehan*, 76 N. Y. 325. That practice has not been observed in the service either of the decree admitting the will to probate and declaring this residuary legacy void, or in the service of the final decree settling the accounts of the executors. And if no more has taken place than has been mentioned in these affidavits, the Home for the Aged of the Little Sisters of the Poor is still entitled to appeal from each one of these decrees. And as long as no final decision has been made establishing the invalidity of the direction given by the testator for the disposition of this part of his estate, and the time for appealing has not been terminated, the executors, if they distribute this sum of money to the next of kin, most of whom reside out of the United States, may, by a final adverse decision, be yet required to pay the money again to the Home for the Aged of the Little Sisters, and the law will not place them in the position where they will be subjected to that risk. Before payment can strictly be required from them of this part of the estate, it should either be made to appear that the time for the Home for the Aged to appeal from these decrees has expired, or else provision should be made for reimbursing them in case of any final determination requiring them to make a different disposition of this part of the estate. Certainly they cannot be regularly adjudged to be in contempt for failing to make the disposition which has now been directed, and the order should therefore be reversed, with $10 costs, and the disbursements of the appeal. All concur.