(12 Misc. Rep. 402.)

### NEWKIRK v. HOOKER et al.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

APPEAL—ORDER AFFECTING SUBSTANTIAL RIGHT.

> An order denying a motion that plaintiff be required to accept notice of appeal, after the time to appeal has expired, does not affect a substantial right, under Code Civ. Proc. § 3191, subd. 3, and is therefore not appealable.

Appeal from city court, general term.

Action by Abraham Newkirk against Walter H. Hooker and John Doe (the latter's real name being unknown to plaintiff, the name "John Doe" being fictitious), doing business under the firm name and style of W. H. Hooker & Co.    From an order of the city court (31 N. Y. Supp. 1131), affirming an order denying a motion that plaintiff be required to accept notice of appeal from a certain order theretofore made in the cause, defendant Walter H. Hooker appeals.    Appeal dismissed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Willis B. Dowd, for appellant.

Abram Kling and Charles E. O'Conner, for respondent.

BISCHOFF, J.    Consistently with the rules governing appeals from the city court to this court, no review of this order is to be had here.    It does not affect a substantial right.    Code Civ. Proc. § 3191, subd. 3.    An appeal from an order directing a party to accept notice of appeal may be heard by the ultimate court of review, and the order reversed, should it appear that the direction below was, in effect, an extension of the time to appeal, for this affects a substantial right (Clapp v. Hawley, 97 N. Y. 610); but the appeal is to be dismissed if the order accomplished merely the result of requiring the adverse party to accept the notice before the time to appeal had expired, and this because no right is infringed by the direction, and, in fact, no order is required (Thurber v. Chambers, 60 N. Y. 30).    So, necessarily, of an order denying the motion, for where the time to appeal has not expired a direction that the notice be accepted would be idle; the service itself accomplishes the required result; and, on the other hand, should the applicant have

let the statutory period elapse, the motion must of necessity meet with a denial (Code Civ. Proc. § 784; Crook v. Crook, 12 N. Y. St. Rep. 663), except in a case falling within section 785, which this case is not. Appeal dismissed, with costs. All concur.