(9 App. Div. 527.)
NEW YORK CITY BAPTIST MISSION SOC. v. TABERNACLE BAPTIST CHURCH et al.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

APPEAL—TIME OF TAKING—IRREGULAR JUDGMENT.

    Failure to folio a judgment as required by general rule of practice 19 is a mere irregularity, and does not stop the running of the time within which an appeal from the judgment may be taken.

Appeal from special term, New York county.

Action by the New York City Baptist Mission Society against the Tabernacle Baptist Church and others to foreclose four mortgages, aggregating in amount $83,400. From an order denying a motion by defendants to compel plaintiff's attorneys to receive notice, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

F. H. Field, for appellants.
E. S. Clinch, for respondent.

VAN BRUNT, P. J. It is admitted that the time to appeal has expired since the service upon the defendant of a copy of the judgment sought to be appealed from, and a written notice of the entry thereof. It is urged, however, that the time did not commence to run, because neither the judgment, as entered, nor the copy served, was folioed as required by rule 19 of the general rules of practice. It is claimed that the clerk had no power to enter the judgment, and it was therefore void. This position, however, cannot be sustained. The want of folioing was a mere irregularity. The court that tried the case had directed the clerk to enter the judgment, and the clerk was bound to follow that direction. If the attorney for the defendant desired to take advantage of this irregularity, it was necessary for him to move to set aside the judgment, and the court, if the ends of justice required it, would grant the motion. But the judgment is not void. It was good as a judgment so long as it remained of record, and a copy of this judgment, with notice of entry thereof, was served. If the copy served had been folioed, and the judgment entered had not been, it might very well have been claimed by the defendant that a copy of the judgment as entered had not been served upon him. Furthermore, if the attorney for the defendant desired to take advantage of the fact that the copy served upon him was not folioed, he was bound to return the same, and apprise the attorney for the plaintiff of the irregularity complained of. As already stated, the failure to folio being a mere irregularity, not ousting the court of jurisdiction, so long as the judgment remained of record it was a good judgment for all purposes, and would not be set aside because of this irregularity unless the ends of justice required it. The defendant has mistaken his remedy. He should have moved to vacate the judgment because of the irregularity.

The order should be affirmed, with $10 costs and disbursements. All concur.