other purpose; that it was not intended by either of the parties that it should be used for a general right of way. And what leads me irresistibly to this conclusion are the words, "proper right of way to the parties occupying lots or premises on said peninsula westerly of the premises hereby conveyed," in defendant's deed, and which do not appear in plaintiff's deed. No one would contend that a right of way could be constructed by either of the parties across the lawn, except for this provision, because, by express terms, the lawn is "to be kept open." If it is "to be kept open," and there being no such provision in the plaintiff's deed, then, in order to get to and from his cottage, he must, of necessity, pass over some part of the defendant's land which is not reserved for the lawn. This the parties to the grant understood at the time defendant acquired title. Hence this clause in her deed gives plaintiff that right.

I think the plaintiff is entitled to judgment establishing a right of way over defendant's land,—such way to be located where it was in 1886, and which he used from that time to 1893; that defendant be directed to remove from such way any and all obstructions placed therein; together with six cents damages, besides the costs of this action. Judgment is directed accordingly; the form of the judgment to be agreed on, or settled by me on notice.

---

(17 Misc. Rep. 733)

NEW YORK CITY BAPTIST MISSION SOC. v. TABERNACLE BAPTIST CHURCH et al.

(Supreme Court, Special Term, New York County. August, 1896.)

1. JUDGMENT—ENTRY—FAILURE TO NUMBER FOLIOS.
Gen. Rule Prac. 19, forbidding a clerk to file a paper in which the folios are not numbered, does not invalidate the entry of a judgment the folios of which are not numbered; Code Civ. Proc. § 721, providing that no judgment shall be "impaired or affected * * * for an informality in entering the judgment."

2. APPEAL—LIMITATION OF TIME—IRREGULAR JUDGMENT.
An irregularity in the entry of a judgment does not stop the running of the time within which an appeal may be taken.

Action by the New York City Baptist Mission Society against the Tabernacle Baptist Church and others. Defendants move to compel plaintiff to accept a notice of appeal. Denied.

Peck & Field, for the motion.
Edward S. Clinch, opposed.

PRYOR, J. By section 1351 of the Code, an appeal "must be taken, within thirty days after the service, upon the attorney for the appellant, of a copy of the judgment appealed from, and a written notice of the entry thereof." It is conceded that the attorney for the defendant did not take his appeal within the prescribed period after service of a copy of the judgment and notice of entry. But he answers that the judgment was not numbered and folioed in conformity with the requirements of rule 19, and that, as the rule forbids the clerk to file a paper not so numbered and folioed, the judg-

ment has not, in legal effect, been entered. I cannot concur in this conclusion. Neither expressly nor by implication does the rule invalidate the judgment for noncompliance with its provisions. Had so fatal a consequence of the irregularity been intended, surely the convention of judges would have declared it in terms. Indeed, since the Code (section 1236), prescribes the mode of entering judgment, it is a question whether the effect of such entry may be nullified by any regulation of practice. At all events, by section 721 of the Code it is expressly provided that no judgment shall be "impaired or affected *. * * for an informality in entering judgment or making up the judgment roll."

But, though the judgment be valid, the irregularity in its entry is still a fact, and I am to determine whether that irregularity arrests the lapse of time within which to appeal. As it is the duty of the attorney to prepare and furnish the judgment roll to the clerk (Code, § 1238), it is the attorney's fault if the papers be not properly numbered and folioed. Here, then, is a judgment, filed in violation of a rule of court, and for its being so filed the attorney is responsible. It is of the irregular entry of judgment that the attorney gave notice, and it is this notice which is supposed to set running the time within which to appeal. "There being no power in the court to relieve a party who fails to take an appeal in due time, however meritorious his excuse, the party undertaking to limit the time is held to strict practice." Kelly v. Sheehan, 76 N. Y. 325, 326. Still, the question is not as to the informality in the entry of judgment, but as to the regularity of the notice of entry. In no case has the time to appeal been held elapsed because of a defect in the entry of judgment. Obviously such defect has no conceivable relation to the time of appeal, while that time is measured from the notice of entry. Not the entry of judgment, but the notice, is the terminus a quo. In every case, therefore, where an appellant has been let in after the apparent expiration of the statutory period, the reason of decision was that no legal notice of the entry of judgment had been given. But here that notice itself is not challenged. It is in every respect regular, was duly served, admission indorsed of "due and timely service," and it is retained by the appellant's attorney. To grant this motion would be, in effect, to enlarge the time limited by statute for an appeal. Parsons v. Winne, 17 Wkly. Dig. 236.

Motion denied, with costs.