ANGUS M. WATERBURY and Others, Plaintiffs, *v.* PETEP NASSOR and Others, Defendants.

County Court, Oneida County, August 8, 1927.

**Appeal — time to appeal — time begins to run under Civil Practice Act, § 612, upon service on counsel of copy of judgment and notice of entry — entry under Rules of Civil Practice, rule 201, consists of signing of judgment by clerk and filing thereof in clerk's office — docketing of judgment not necessary to start time to appeal running.**

The time to appeal from a judgment commences to run under section 612 of the Civil Practice Act upon the service upon the attorney for the appellant of a copy of the judgment appealed from, and a written notice of the entry thereof, and since rule 201 of the Rules of Civil Practice provides that the entry of judgment shall consist of the signing of the judgment by the clerk and the filing thereof in his office, it is not necessary that the judgment be docketed in order to start running the time within which the appeal must be taken.

MOTION by the defendants to compel plaintiffs' attorney to receive a notice of appeal.

*Louis E. Krohn,* for the motion.

*Arthur J. Foley,* opposed.

HAZARD, J.   This action was for the foreclosure of a mechanic's lien.

The case was tried by the court without a jury and a decision duly rendered herein.   On February 9, 1927, the plaintiffs' attorney filed a judgment roll in the usual form.   The county clerk signed the same, but did not enter the judgment in the judgment docket book.   It was entered in the " register of civil actions," and a memorandum of judgment of foreclosure was made in the " lien docket " kept in the county clerk's office.   A copy of the judgment, with notice of entry, appears to have been served upon the attorney for the defendants, by mail, on February 9, 1927.   This is not denied.   There has, however, been a change of attorneys representing the defendants, and the present attorney of record desires

to take an appeal, and notice of appeal was served on the 1st day of July, 1927, upon the plaintiff's attorney, and was by him duly returned, with an indorsement stating, among other things, that the time to appeal herein had long since expired.

This motion is to compel plaintiff's attorney to accept such notice of appeal, and it is the contention of the defendants and would-be appellants that the failure of the clerk to docket the judgment of foreclosure in the judgment docket prevented the running of their time to appeal. Section 612 of the Civil Practice Act provides that an appeal to the Appellate Division " must be taken within thirty days after service upon the attorney for appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof." It is conceded that all this was done on the 9th of February, 1927; but it is the contention of the would-be appellants that the judgment was not duly " entered " at this time, and that, therefore, the service of a copy of it and the notice of an alleged " entry " was ineffectual to limit his time; and that is the question presented by this motion.

The matter is regulated by rule 201 of the Rules of Civil Practice, which provides as follows: " A judgment shall be signed by the clerk and filed in his office only during office hours, and *such signing and filing shall constitute the entry of the judgment.*" I think the language just quoted must be held to be decisive of this motion. It is to be observed that in clear terms it is stated that the two acts of signing and filing shall constitute " the entry of the judgment." This language is plain and explicit and does not appear to call for any judicial interpretation and there can be no doubt that on February 9, 1927, the judgment herein was filed in the county clerk's office, and it was signed by the clerk on that date; and on the same day a copy of the judgment and a notice of entry were mailed to the then attorney of record for these defendants. I think it must be decided that their time to appeal expired thirty days after that date.

Some authorities are cited which might seem to require a different decision; principally *Bentley* v. *Jones,* a case decided by the old General Term and reported in 4 Howard's Practice at page 335. In that case the court, after reviewing the law involved as it then existed, said (p. 337): " These provisions leave, I think, no doubt that the judgment is not to be considered as *entered,* until it is *perfected.*"

The matter of entering a judgment was at that time controlled by section 1236 of the Code of Civil Procedure, which then read: " The clerk must keep, among records of the court, a book for the entry of judgments, styled the judgment-book. Each interlocutory

or final judgment must be entered in the judgment-book, and attested by the signature of the clerk; who must note, in the margin of the entry, the day and year of entering it. It must specify clearly the relief granted, or other determination of the action, or of the issue."

The decision in *Bentley* v. *Jones* (*supra*) stood as good law until section 1236 was amended, which was done by the Laws of 1897, chapter 188, which amendment entirely changed the section and contained practically the identical language which is now found in rule 201 of the Rules of Civil Practice. It seems to me that the legislative enactment, defining what constitutes an entry of judgment (and which now in effect is a court rule), superseded the decision in *Bentley* v. *Jones*. It is within the power of the Legislature to establish a time limit for appeals. Doubtless it is also within its power to establish the detail of when the time shall commence to run, and this it did by defining what constitutes " entry " of a judgment.

It is true that rule 201, following the language above quoted, requires the clerk to *docket* the judgment. It is true that the judgment was not docketed in this case, concededly, until the third day of June of this year (when somebody called the clerk's attention to the omission, and he supplied it). If defendants' time to appeal commenced to run from that date, they duly served, or tried to serve, their notice of appeal, and should prevail in this motion.

For reasons which I have endeavored to make clear, I am compelled to believe that the time to appeal runs not from the *docketing* of the judgment, but from the time of *entering* it. Section 612 of the Civil Practice Act so reads. Defendants, however, persist in overlooking the reading of that section. Their brief commences with this language: " Defendants contend that their time to appeal does not begin to run until the judgment has been recorded in the judgment book." This is not in accordance with the law as it now stands, as I have endeavored to point out. This question should not be confused with some other questions which might arise in which the *docketing* of the judgment is the crucial or turning point; as, for example, the perfecting of a lien on real estate, etc., and this distinction should also be pointed out in connection with another case cited by the moving party, which is *Lent* v. *N. Y. & M. R. Co.* (130 N. Y. 504), in which the court decided (p. 509) that " entry " was synonymous with *recorded*. It is to be observed that that case dealt with a question of pleading only. The case had to do with a statute which provided that " title to land vested in the corporation upon the recording of the order and payment

or deposit of the award" (p. 509). The pleader had alleged that the order involved was " entered," and the court held " this term was used by the pleader as synonymous to the word ' recorded.' " The situation in that case is so entirely different that it is no criterion at all in this case. It had to do with a special statute only, and nothing but the matter of *pleading* was involved.

A case somewhat analogous to the one we are considering is *New York City Baptist Mission Society* v. *Tabernacle Baptist Church* (17 Misc. 733), in which somebody who had failed to serve his notice of appeal in time had sought to raise the point that because the judgment was not numbered and folioed in conformity with a court rule, it had not in legal effect been entered. The court at Special Term refused to sustain that contention and the Appellate Division affirmed that decision. (9 App. Div. 527.)

It may be suggested that the judgment creditor in these cases has certain rights, that is, among others, the right to know after the lapse of a certain time, when he has done everything that the law requires of him, that his judgment is not subject to attack; and it has been held that " the rights of parties ought not to be, and as a general rule are not, defeated by mere irregularities or clerical defects." (*Fish* v. *Emerson*, 44 N. Y. 376, 379.) The case of *Hild* v. *McClintic-Marshall Co.* (216 App. Div. 770) is in point, at least to the extent of establishing that the time to appeal runs from the entry of the order and the service of notice.

The decision which is being made is contra to my personal inclinations, which are in favor of permitting any one who wishes to review a decision to have full opportunity to do so. However, a time limit has been imposed by the Legislature upon taking appeals, and as the defendants did not move within the time which to me seems clearly established by the rules to have expired thirty days (or thirty-three days) after the 9th of February, 1927, I feel compelled to decide that they no longer have a right to attack the judgment herein, even if the clerk did fail in his duty to *docket* the judgment. The filing of the judgment roll and having it signed by the clerk, and serving the notice of it, was all the duty that was imposed by statute upon the plaintiff herein; and the notice served upon the attorney should have been sufficient to get the defendants into action if they desired to attack the judgment.

The motion must, therefore, be denied, with ten dollars costs.