George Beisheim, Jr., J.
Plaintiffs, numbering 11 residents and taxpayers of the Town of North Castle, have instituted an action for a declaratory judgment declaring illegal and invalid a resolution of the Town Board of the Town of North Castle to retain special counsel to oppose the Urban Development Corporation (hereinafter refered to as U.D.C.); further declaring a retainer agreement between the aforesaid town and any law *1054 firm retained to oppose the U.D.C. to be invalid; and seeking a mandatory injunction against the town and the town board restraining said defendants from retaining any law firm to oppose the U.D.C.
The matter is presently before the court on plaintiffs ’ motion for an injunction pendente lite to enjoin and restrain the defendants from retaining any law firms and from spending any public funds of the Town of North Castle therefor until the termination of the instant action.
The motion was brought on by order to show cause which, together with the affidavits upon which it was granted, were served upon the Town Attorney on July 20, 1972. The motion was argued on July 24, 1972, upon which date an amended complaint and a supplemental affidavit were served upon the Town Attorney. By reason of this fact, the court rules that any averments in the supplemental affidavit not denied in connection with this motion will not be binding admission upon the defendants at the trial of this action if at such time defendants desire to interpose denials which they did not have time to adequately prepare on this motion.
Plaintiffs’ position initially was that the town board has no standing to maintain an action against the U.D.C. The court on July 24 granted the defendants until July 28, 1972, to submit a memorandum of law and the plaintiffs to submit any additional memorandum of law. Plaintiffs expanded their original position to claim also that the acts of the town board in opposing U.D.C. and using public money to hire outside counsel exceed its authority and are illegal and invalid. They also maintain that the proposed contract for legal services is null and void in that it fails to comply with the budget system as contained in the Town Law. They contend further that the retention of counsel was unauthorized in that no lawsuit is presently pending as between the town and the U.D.C. and that the use of town money in retaining outside counsel represents a waste of assets.
The basis for plaintiffs’ contention that defendants do not have standing to sue the U.D.C. and that the action of the town board in retaining special counsel for such purpose is illegal and invalid is based upon the argument that the town board is a creation of and may exercise only those powers delegated to it by the State (Seaman v. Fedourich, 16 N Y 2d 94; People v. Scott, 26 N Y 2d 286; Holroyd v. Town of Indian Lake, 180 N. Y. 318); and that the town’s power to act must be based upon an express grant and not a general grant of power (Jewish Consumptives’ Relief Soc. v. Town of Woodbury, 230 App. Div. *1055 228, affd. 256 N. Y. 619; Board of Co-op. Educ. Serv. of Nassau County v. Gaynor, 60 Misc 2d 316; Rockland County Bldrs. Assn. v. McAlevey, 55 Misc 2d 695). Plaintiffs argue from this that since the town and the town board have no power or authority to oppose the U.D.C. that a fortiori they could not use taxpayers’ money to retain special counsel to do something that the town itself could not do. As authority for their principal contention that the town and the town board lack standing to bring an action against the U.D.C., which is the premise from which their other arguments flow, plaintiffs rely upon Black Riv. Regulating Dist. v. Adirondack League Club (307 N. Y. 475); County of Albany v. Hooker (204 N. Y. 1); and City of Buffalo v. State Bd. of Equalization & Assessment (26 A D 2d 213). In the Black Riv. Regulating Dist. case (supra), the Court of Appeals ruled that a district could not attack the statute limiting its powers of condemnation by reason of the fact that the district was an agency of the State performing its function subject to the control of the State. In County of Albany v. Hooker (supra), the Court of Appeals held that the county could not maintain an action to have a State statute appropriating moneys for the construction of State highways declared unconstitutional. The court ruled in effect that the plaintiff had no standing in that there was no fund or property mentioned in the complaint, title to which was in the county, and the acts of the Legislature relating to apportionment of highway funds did not in any way pertain to the corporate powers or statutory duty of the county. In the City of Buffalo case (supra) the Appellate Division, Third Department, held that the Mayor of Buffalo had no standing in his official capacity to challenge the State statute relating to exemptions from local real estate tax assessments.
The court feels that the above three cases are distinguishable from the situation in the case at bar. Here, the defendants generally, and the Town Supervisor, in particular, are charged with the statutory duty, inter alia, of overseeing that their appointees enforce town ordinances. Assuming for the sake of argument that the legislative act (L. 1968, ch. 174, as amd.) creating the U.D.C. should be deemed to be unconstitutional, or the U.D.C. should be found to have exceeded the authority granted to it by the Legislature, then the supervisor and town board members of the Town of North Castle would be violating the duties imposed upon them by their oaths of office in permitting the U.D.C. to violate the town zoning ordinance and possibly other town laws. For example, the requirements of *1056 obtaining building permits and certificates of occupancy would be flaunted. On the other hand, if the U.D.C. has been created constitutionally and if it shall be deemed not to have exceeded the powers granted to it by the Legislature, the Town of North Castle and the town board members, of course, could not interfere with the lawful actions of the U.D.C. in carrying out its legislative mandate.
The plaintiffs, however, in effect, assume their own conclusions to be so infallibly correct as to bar defendants arguing different conclusions before a court of law. They would deny the Town of North Castle and its town board members in matters affecting their statutory duties their day in court to question the constitutionality of the Urban Development Corporation Act and also whether the U.D.C. has exceeded the powers granted to it by the Legislature.
A town board has specifically been granted the authority by the Legislature to retain counsel under section 20 (subd. 2, par. [a]) of the Town Law, which states: ‘ ‘ The town board of every town may establish the office of town attorney or town engineer, or both. If the town board shall so establish the office of town attorney or town engineer, or both, it shall fix the salary of such officer or officers. In addition, the town board of any such town may employ counsel to the town attorney in respect to any particular subject matter, proceeding or litigation, or it may employ such expert engineering service in respect to any particular subject matter, improvement or proceeding, as it may necessarily require. A town of the first class shall have the authority to appoint such deputies in the offices of the town attorney and town engineer as may be provided by resolution of such board and fix the salaries therefor. The terms of such offices shall be indefinite and the appointees thereto shall be removable at the pleasure of the town board.”
It will be noted from the above that the town board is authorized to “ employ counsel to the town attorney in respect to any particular subject matter, proceeding or litigation”. As the matter now stands, the town board has retained special counsel to advise the members thereof of their rights, duties, liabilities and disabilities in respect to the proposed or possible entry of the U.D.C. into the rural or suburban Town of North Castle. The town frankly admits that it intends to institute legal action against the U.D.C. if the advice which it shall receive from retained special counsel is to the effect that such litigation would have a reasonable chance of success. At the moment, however, the services of counsel are limited to a thor *1057 ough examination of the law and the rendering of advice as a result of such research. Conceivably, such advice might be that the town should not sue. Obviously, it is to the advantage of the town and its residents and taxpayers that the town should receive the best possible legal advice obtainable. This court is of the firm opinion that the retention of special counsel for such a purpose is expressly authorized under section 20 (subd. 2, par. [a]) of the Town Law.
In one sense, it may be premature in this decision to decide whether or not the town has standing to institute legal action against the U.D.C. This court feels, however, that it has such standing (Field v. Allen, 9 A D 2d 551). In the Field case, the Appellate Division, Third Department, held that members of the Board of Veterinary Medical Examiners of the State of New York had standing and legal capacity to sue the Commissioner of Education of the State of New York and others, despite the fact that the Board of Examiners were appointees of the Board of Regents, which is the head of the New York State Department of Education. While the court felt that the complaint did not state a good cause of action, it cited with approval Ward v. Petrie (157 N. Y. 301, 311), that “ Incapacity to sue is not the same as insufficiency of facts to sue on ” (p. 551) and held that “ Every citizen has the legal capacity to sue every other citizen except only when prevented by such personal disabilities as infancy or adjudicated incompetency; and the right exists without reference to the title or status of the plaintiff or of the defendant.” (p. 551). At this juncture, it cannot be determined whether the Town Board of North Castle will be able to plead a good cause of action in a potential lawsuit against the U.D.C. That question will only he resolved if and when a complaint is framed and served upon the U.D.C. and challenged in the courts.
Of similar import to the Field case (supra) is Board of Educ. of Cent. School Dist. No. 1 v. Allen (20 N Y 2d 109), where a Board of Education instituted an action for a declaratory judgment as to whether section 701 of the Education Law permitting the appropriate school authorities to purchase textbooks and lend them free to all children enrolled in grades 7 to 12 of a public or private school was in conflict with section 3 of article XI of the New York State Constitution. The Court of Appeals held that the statute was not in conflict with the constitutional provision. Four of the Judges of the court explicitly agreed that the plaintiffs had standing to institute this lawsuit (see n., p. 115). This was also made clear in the dissenting *1058 opinion of Judge Van Voorhis, who stated (p. 118): “ The right of a local Board of Education to sue the State Commissioner of Education has frequently been upheld including actions involving the question of constitutionality of State statutes. (Matter of Board of Educ. of Cent. School Dist. No. 2 v. Allen, 14 A D 2d 429; Matter of Bethlehem, Union Free School Dist. v. Wilson, 303 N. Y. 107; Matter of Board of Educ. of Union Free School Dist. No. 3 v. Allen, 6 A D 2d 316, affd. 6 N Y 2d 871.) ”
This court does not pass upon the merits of the prospective dispute between the Town of North Castle and the U.D.C. The court does feel, however, that it cannot be ruled now as a matter of law whether the town would or would not be successful if legal action were instituted. Many difficult questions are involved. There is the question as to whether or not there is a conflict between subdivision (a) of section 2 of article IX of the New York State Constitution and section 10 of article 2 of the Municipal Home Buie Law with the Urban Development Corporation Act. There is the question whether the U.D.C. in entering a rural or suburban town does so in contravention of the authority granted to it by the Legislature under the Urban Development Corporation Act. It would seem that a very careful study of the minutes of the hearings of the appropriate legislative committees prior to the passage of the Urban Development Corporation Act would have to be made to determine this question of legislative intent. Depending upon the procedures followed by the U.D.C. in the Town of North Castle, there may in the future be questions as to whether the U.D.C. has followed or deviated from the procedural standards set up by the Legislature to guide its actions. There may be other legal questions. This court is loathe to rule at this time that the Town of North Castle is not entitled to retain special counsel to advise it on these intricate matters.
The court also finds that plaintiffs’ contention that the contract for legal services fails to comply with the budget system as contained in the Town Law is without merit. Section 112 of the Town Law authorizes the town board during the fiscal year by resolution to make additional appropriations to provide for the financing thereof. Subdivision 2 of section 29.00 of the Local Finance Law authorizes the sale of a budget note for an expenditure for which an insufficient or no provision has been made in the annual budget for the fiscal year. In Matter of Clark v. Smith (250 App. Div. 233, affd. 276 N. Y. 473), in dealing with the dual question of the retention of special coun *1059 sel as authorized by subdivision 2 of section 20 of the Town Law, and the financing of such legal services, the Appellate Division, Second Department, said (pp. 235-236): “ The simple question presented is: Must the attorneys lose payment for their services under the contract therefor, and the contract be declared void for the reason that the appropriation in that year for the law department may have become exhausted by payments to others who had no better claim thereon than the attorneys'?
“ In general, this presents no novel question, except the possible legislative intent in enacting section 118. The section is not entirely new, but is similar in effect to section 149-a of the former Town Law, as added by Laws of 1916, chapter 396, section 1, and to former section 597, as added by the Laws of 1919, chapter 170, section 1. The purpose of the section is obviously to prevent extravagance and waste of the town funds, if nothing worse. There can be no expenditure for salaries of newly-created officers or for contracts for public buildings, street improvements, and the like, unless there are appropriations therefor. The necessity for such expenditures can readily be foreseen and appropriations made. In other respects, like the occurrence of epidemics, the amount necessary cannot reasonably be anticipated. Therefore, a sound discretion is vested in the town board by statute in regard to certain expenditures.
“Among the things that cannot accurately be anticipated in a budget is the number of actions that may be brought by or against the town which must be prosecuted or defended by skilled attorneys. It has long been the settled law of this State, and in other jurisdictions, that a municipal corporation has implied power to employ counsel to render services in matters of proper corporate interest, including the prosecution and the defense of suits against municipal officers for acts done on behalf of the corporation while in the honest discharge of their duties, whether or not there is any statute giving such direct authority ” and (p. 237): “ Nothing is said about any preliminary appropriation as controlling such authority, for, of course, the number and the importance of such actions could not reasonably be anticipated in making up the budget for a year in advance. It was not intended to leave the town at the mercy of litigants or in a position to lose valuable rights through inability to prosecute or defend, for want of an anticipatory appropriation sufficient to cover all possible litigations.”
The court also finds, for the reasons hereinbefore set forth, that plaintiffs ’ argument that the use of town money in retaining *1060 oustide counsel represents a waste of assets is likewise without merit.
In conclusion, the court feels that fairness commends that the town should be permitted to retain special counsel. A part-time town attorney, even one as able as his representation of his town’s interest in the motion at bar has proved the Town of North Castle’s attorney to be, should not be expected to render single-handedly the legal services necessary to protect fully the interests of the Town of North Castle in a matter as complex and difficult as is the subject of town-U.D.C. relationship. While David did slay Goliath, nevertheless, in a matter of this importance, there should be no underdog so to speak, and the numbers of legal talent on both sides of the controversy, and the weight of their legal armour, should be equalized as evenly as possible.
Plaintiffs’ motion for a temporary injunction is in all respects denied.