OPINION OF THE COURT
Irving A. Green, J.
The petitioner, a resident attorney and elector of the defendant, Town of New Windsor, brings this CPLR article 78 proceeding, inter alla, to annul the action of the town board in designating a law firm as Town Attorneys, all of whose members are not residents or electors of the Town of New *379 Windsor. It is not disputed that all members of the respondents’ law firm are not electors of the Town of New Windsor.
In opposition to this application, respondents aver that their appointment was made pursuant to section 20 (subd 2, par [b]) of the Town Law as "Attorneys to the Town”, which appointment, respondents contend, is not restricted to electors of the town.
The authority for the respondent to appoint counsel for professional service and advice, so far as relevant to the issues in this proceeding, is found in the following sections of the Town Law which, so far as here pertinent, read as follows:
"§ 20. Town Officers. * * *
"2. (a) The town board of every town may establish the office of town attorney * * * If the town board shall so establish the office of town attorney * * * it shall fix the salary of such officer * * * In addition, the town board of any such town may employ counsel to the town attorney in respect to any particular subject matter, proceeding or litigation * * * as it may necessarily require * * * The terms of such offices shall be indefinite and the appointees thereto shall be removable at the pleasure of the town board.
"(b) The town board of any town which shall not have established the office of town attorney may employ an attorney to give it such professional service and advice as it may require.
"§ 23. Eligibility of town officers. Every elective officer of the town at the time of his election and throughout his term of office, shall be an elector of the town. Every other officer of the town at the time of his appointment and throughout his term of office shall be an elector of the town except that in towns having no resident attorney, the town attorney and such counsel as may be employed need not be electors”.
The respondents contend that they were appointed, not to the office of Town Attorney pursuant to section 20 (subd 2, par [a]) of the Town Law but as attorneys to the town pursuant to the authority conferred on the town board by section 20 (subd 2, par [b]) of the Town Law; and respondents further contend that appointment of counsel by the town board under such latter section is not limited to electors of the town. This last contention of the respondents finds support in Opinions of the State Comptroller (7 Opns St Comp, 1951, p 254) wherein the opinion is expressed that where the office of Town Attorney is *380 abolished, the town board may employ an attorney to give it such professional service and advice as it may require and such attorney need not be an elector of the town. However, such opinion, by its express language, is predicated upon an absence of the establishment, by the town, of the office of Town Attorney.
At all relevant times, in this case, the town board had established the office of Town Attorney by virtue of its Local Law, No. 7, adopted September 21, 1977. Such local law, inter alla, fixed the term of office of the Town Attorney for six years. Respondents argue that such local law was, and is invalid, by reason of the therein fixed term of office for the Town Attorney being in contravention of section 24 of the Town Law which, in essence, limits the term of such officer to two years. In respondents’ memorandum of law, submitted upon this application, they recite an opinion by the State Comptroller (33 Opns St Comp, 1977, p 180) that the town could not enact this law. However, at the time of the appointment of the respondents, such local law establishing the office of Town Attorney was not rescinded or revoked by the town board; and the viability or constitutionality of the local law had not been determined by a court of competent jurisdiction. Nevertheless, respondents contend that such local law is invalid and consequently their appointment to the town board necessarily falls into the category of attorney to the town, under section 20 (subd 2, par [b]) of the Town Law, so that they need not be electors of the town. The reliance by the respondents upon the invalidity of the local law establishing the office of Town Attorney is misplaced. Generally, courts of original jurisdiction will not ordinarily set aside as unconstitutional a statute, such as this local law, passed by the legislative body of a municipality unless such conclusion is inescapable. It has been said that courts of first instance should not exercise the transcendent power of declaring a legislative act unconstitutional except in rare cases involving life and liberty. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.)
Further, a statute may be unconstitutional in one part and valid in another part, and the unconstitutionality of one part does not necessarily invalidate the entire statute. The courts will attempt to save a part of a statute, and if valid and invalid provisions are incorporated in the same act, the former if separable, will be upheld though the latter must fall. The invalid part may be severed from the remainder if, after *381 the severance, the remaining portions are sufficient to effect the legislative purpose deducible from the entire act. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd d.)
It is abundantly clear, therefore, and this court finds, in this case, that at the time of the appointment of respondents, the town had in effect a local law establishing the office of Town Attorney.
As to the question of whether the town board employed respondents as Town Attorney, pursuant to its local law and section 20 (subd 2, par [a]) of the Town Law or as attorney to the town under section 20 (subd 2, par [b]) of the Town Law, the court will address the resolution of the town board pursuant to which the employment occurred.
The resolution of the town board employing the respondents, so far as here relevant, reads as follows: "the Town Board of the Town of New Windsor appoint the firm of Seaman, McGuirk and Zeccola to serve for a period of two (2) years, as attorneys for the town and set the fee at $20,000.00 annually.”
The language of the resolution appointing respondents comports with section 24 of the Town Law which prescribes the term of office of the Town Attorney to be two years. Additionally, the respondents were appointed at a fixed annual salary for unspecified legal services and advice. It clearly was the appointment of general legal counsel and not the engagement of respondents’ professional services in connection with any particular matters.
The State Comptroller, in his opinion (7 Opns St Comp, 1951, p 254) aptly indicated the necessary indicia of employment to constitute an attorney to the town as contrasted with Town Attorney: "However, he [attorney to the town] may not be paid a fixed salary and he must submit a claim for services in connection with the matters for which he is employed”.
Thus, the resolution of the town board setting forth the term of legal counsel’s employment clearly does not spell out the relationship of attorneys to the town but, on the contrary, appoints the office of Town Attorney.
The court finds the appointment of the nonresident respondents, Seaman, McGuirk and Zeccola, as Town Attorneys violative of section 23 of the Town Law by reason of there being resident attorneys in the Town of New Windsor.
Accordingly, the branch of this petition, which seeks a *382 declaration voiding the appointment of respondents, Seaman, McGuirk and Zeccola, as Town Attorneys for the Town of New Windsor, is granted. In all other respects the petition is denied.