OPINION OF THE COURT
Theodore A. Kelly, J.
In this CPLR article 78 proceeding petitioner, an attorney, seeks to annul and vacate a resolution adopted by the Town Board of the Town of New Windsor (hereinafter the Board) on February 20, 1980, whereby respondents Seaman, McGuirk and Zeccola, Esqs. (hereinafter the Seaman firm) were employed to perform legal services for the town as “independent contractors”.
Petitioner is a resident and elector of the Town of New Windsor and is a member of the firm of Duggan & Crotty, Esqs. During the period from January 1, 1975 through December 31,1979 petitioner served as Town Attorney for the Town of New Windsor and, alternatively, as attorney for the town. On January 2, 1980 the Board adopted a resolution whereby the Seaman firm was appointed as attorneys for the town for a period of two years at a fixed annual fee of $20,000. Petitioner commenced an article 78 proceeding to annul this resolution on the ground that all of the members of the Seaman firm were not residents or electors of the Town of New Windsor, and that the appointment violated *224 the relevant provisions of the Town Law which provide as follows:
“§ 20. Town officers
“2. (a) The town board of every town may establish the office of town attorney * * * If the town board shall so establish the office of town attorney * * * it shall fix the salary of such officer * * * In addition, the town board of any such town may employ counsel to the town attorney in respect to any particular subject matter, proceeding or litigation * * * as it may necessarily require * * * The terms of such offices shall be indefinite and the appointees thereto shall be removable at the pleasure of the town board.
“(b) The town board of any town which shall not have established the office of town attorney may employ an attorney to give it such professional service and advice as it may require”.
“§ 23. Eligibility of town officers
“Every elective officer of the town at the time of his election and throughout his term of office, shall be an elector of the town. Every other officer of the town at the time of his appointment and throughout his term of office shall be an elector of the town except that in towns having no resident attorney, the town attorney and such counsel as may be employed need not be electors”.
At the time that petitioner brought his proceeding, the Town of New Windsor had established the office of Town Attorney by virtue of Local Law No. 7, adopted on September 21, 1977! Among other things, the local law fixed the term of office of the Town Attorney at six years. In opposing petitioner’s proceeding, the town argued that the local law contravened section 24 of the Town Law and was invalid.
In his decision of February 5, 1980 (Crotty v Town of New Windsor, 103 Misc 2d 378) Acting Justice Irving A. Green rejected this contention and found that Local Law No. 7 of 1977 was in effect when the Seaman firm was appointed as Town Attorneys. He also found that the appointment violated section 23 of the Town Law since the firm members were nonresidents of the Town of New Windsor, *225 and there were resident attorneys in the town. He then voided the appointment.
On February 6,1980 the Board repealed Local Law No. 7 of 1977. In a letter to the Board dated January 31, 1980, petitioner agreed that the law should be repealed. On February 20, 1980 the Board rescinded the motion adopted on January 2, 1980 appointing the Seaman firm as attorneys for the town. The Board then adopted the resolution which is the subject of the present proceeding. By the terms of the resolution, the Seaman firm was employed as an independent contractor to perform the following services: attendance at all town board meetings; labor negotiations on behalf of the Town of New Windsor; pending litigation not currently being handled by outside counsel; and such other legal work as the town board may from time to time request. Compensation was to be at the rate of $40 an hour upon submission of vouchers, not to exceed the sum of $20,000 for 1980.
Petitioner contends that the resolution was illegal since no member of the Seaman firm is an elector of the Town of New Windsor, and there are resident attorneys in the town. Petitioner’s contention is once again predicated upon section 23 of the Town Law. As hereinabove stated, section 23 requires elective town officers to be town electors and “Every other officer of the town at the time of his appointment [to] be an elector of the town except * * * in towns having no resident attorney,” where the Town Attorney and such counsel as may be employed need not be electors. Petitioner further alleges that the appointment violated section 64 of the Town Law. Section 64 sets forth the general powers of the town board which are “Subject to law”.
Petitioner’s contention must be rejected. Where a town board has established the office of Town Attorney, the office is to be filled by appointment except for the employment of counsel with respect to particular litigation (Town Law, § 20, subd 2, par [a]). This is commonly referred to as employment of “special counsel”. Where a town board has not established the office of Town Attorney, it is permitted to employ an attorney (Town Law, § 20, subd 2, par [b]). The Town of New Windsor had previously established the office *226 of Town Attorney through enactment of Local Law No. 7 of 1977. Any appointee to that position, therefore, would have been required to be an elector under section 23 of the Town Law, unless the town had no resident attorney. Since the Town of New Windsor had a resident attorney, petitioner, and had adopted a law establishing the office of Town Attorney, Acting Justice Green found that the appointment of the Seaman firm violated section 23.
The town, however, has now abolished Local Law No. 7 and the position of Town Attorney is no longer “established”. The town board, therefore, is now free to employ an attorney (Town Law, § 20, subd 2, par [b]), which it purported to do in its resolution of February 20, 1980. In the court’s view, section 23 applies to those situations where the office of Town Attorney is to be filled by appointment. In such a case if the town has no resident attorney, it may then look outside the town for its attorney and for such counsel as it may see fit to employ under section 20 (subd 2, par [a]) of the Town Law. However, once a town has no longer established the office of Town Attorney and is no longer required to fill the office by appointment, it may employ an attorney who is not an elector of the town.
Petitioner’s application, accordingly, is denied in its entirety and the petition is dismissed.