OPINION OF THE COURT

Per Curiam.

The order of the Appellate Division, in each case, should be modified, with costs to appellants, by declaring invalid not only section 458 (subd 5, par [b]) of the Real Property Tax Law, but also section 458 (subd 5, par [a]) of the Real Property Tax Law, and, as so modified, the order of the Appellate Division should be affirmed.
Subdivision 5 of section 458 of the Real Property Tax Law is unconstitutional as violative of the equal protection clauses of the New York Constitution (NY Const, art I, § 11) and the United States Constitution (US Const, 14th Arndt). While recognizing that the Legislature is accorded broad latitude in the establishment of tax classifications (Madden v Kentucky, 309 US 83, 88; Shapiro v City of New York, 32 NY2d 96), and that a discriminatory tax classification will pass constitutional muster if any conceivable state of facts will support the classification (Matter of Catapano Co. v New York City Fin. Admin., 40 NY2d 1074,1075, app dsmd 431 US 910, citing Carmichael v Southern Coal Co., 301 US 495, 509), we conclude that a statute should nevertheless be declared unconstitutional if the difference in treatment constitutes invidious discrimination or is palpably arbitrary (Allied Stores v Bowers, 358 US 522, 530). For the reasons stated in the opinion by Justice Casey at the Appellate Division, we agree with the courts below that the disparate treatment of similarly situated veterans resulting from the *37 classification created by subdivision 5 of section 458 of the Real Property Tax Law lacks a rational basis.
Subdivision 5 of section 458 of the Real Property Tax Law must be invalidated in its totality since paragraphs (a) and (b) together constitute a single expression of legislative policy regarding the increase of veterans’ real property tax exemptions. The unity of purpose which exists between paragraph (a) and paragraph (b) precludes the severance of paragraph (b) from the statute so as to grant all veterans, irrespective of local policy preference, mandatory increases in real property exemptions. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd d.) The policy decision to grant or deny increases in veterans’ real property tax exemptions properly rests within the discretion of the local and State Legislatures.*
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
In each case: Order modified, with costs to appellants, in accordance with the opinion herein and, as so modified, affirmed.

 The enactment of chapter 525 of the Laws of 1984, which is not applicable to this proceeding, eliminates the form of disparate treatment accorded to veterans in the instant case. The availability of veterans’ real property tax exemptions is now clearly a policy matter for local governments.