■ In the Matter of JOHN WRIGHT, Appellant, v TOWN BOARD OF THE TOWN OF TICONDEROGA et al., Respondents.— Casey, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered September 18, 1989 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review certain actions taken by respondents.

Petitioner contends that respondent Town Clerk of the Town of Ticonderoga in Essex County lacked the authority to consent to the withdrawal of the resignation of the chairperson of respondent Town Planning Board. As the public officer to whom the resignation was required to be made *(see,* Public Officers Law § 31 [1] [g]), the Town Clerk had the discretionary authority to consent to the withdrawal of that resignation, regardless of whether the resignation was effective prior to the request to withdraw *(see,* Public Officers Law § 31 [4]; *Matter of Wonderly v Division of N. Y. State Police,* 80 AD2d 974). In view of the short period of time between the submission of the resignation and the request to withdraw, and in the absence of any action to fill the vacancy created by the resignation, we see no abuse of discretion in the Town Clerk's consent.

Petitioner also contends that the Town Planning Board has refused to permit the public to address the Planning Board, but the record does not support this claim. Rather, petitioner's request that he be allowed to address the Planning Board concerning "Zoning (land use), Past-Present and Future" at its

next public meeting was denied on the ground that his request did not involve a preapplication discussion or public hearing on an accepted application. There is nothing illegal, irrational or unreasonable in the Planning Board's decision to limit petitioner's input during public meetings to those matters actually under consideration. Petitioner's request to engage in a general discussion of zoning and land use appears to be related to the concept of a master plan (see, Town Law § 272-a), but there is nothing in the record to suggest that a master plan was under consideration. Petitioner's contention that the Planning Board's chairperson acted unilaterally and without the Planning Board's consent in denying his request to address the Board has no support in the record. The fact that the chairperson responded on behalf of the Planning Board does not make her action a unilateral one.

As to petitioner's remaining contention, that counsel was not authorized to represent respondents in this proceeding, the matter is moot in light of respondent Town Board's resolution employing counsel to appear in this proceeding.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.