■ In the Matter of JOHN WRIGHT, Appellant, v TOWN BOARD OF THE TOWN OF TICONDEROGA et al., Respondents.— Kane, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered October 16, 1989 in Essex County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner commenced this proceeding alleging that respondents, the Town Board of the Town of Ticonderoga and the Town Police Commissioner, failed to properly manage or supervise the Town Police Department. The petition seeks relief "abolishing the Ticonderoga Town Police Department" and an order prohibiting its reestablishment "until the Respondents can satisfactorily demonstrate to the Court its willingness and ability to properly supervise said police department". Supreme Court found that petitioner's application

for relief was "totally improper" and denied the petition in its entirety. Petitioner now appeals.

We affirm. Inasmuch as the petition is in the nature of mandamus, petitioner has failed to demonstrate the prerequisite demand upon respondents to perform duties that petitioner argues are required by law (see, Matter of Remedy for Infinite Unconcern for Mentally & Physically Handicapped v O'Shea, 77 AD2d 363, 365, appeal dismissed 54 NY2d 681) or that such demand would prove fruitless (see, Matter of Baum v Town Bd., 98 AD2d 918, 919). Moreover, if a public body fails to perform a duty required under law, the appropriate remedy in a CPLR article 78 proceeding is an order compelling compliance, not abolishment of, in this instance, a police force under that body's direction (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7803:2, at 332). Furthermore, petitioner's request that a reestablishment be contingent on respondents' demonstrating to the court a "willingness and ability to properly supervise" the police department is "too abstract and academic a proposition" (Williams v Blum, 93 AD2d 755, lv dismissed 61 NY2d 905) to be the subject of an article 78 proceeding. Accordingly, the petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.