190

In the Matter of JOHN WRIGHT, Appellant, v TOWN BOARD OF THE TOWN OF TICONDEROGA et al., Respondents.

Third Department, July 11, 1991

**APPEARANCES OF COUNSEL**

*John Wright,* appellant *pro se.*

*FitzGerald, Morris, Baker, Firth, P. C. (Veronica O'Dell* and *Peter A. Firth* of counsel), for respondents.

**OPINION OF THE COURT**

YESAWICH JR., J.

In 1975, the Court of Appeals concluded that all realty was to be assessed at full rather than the fractional value then widely in use *(see, Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 14).[1] Following that decision, the Legislature amended RPTL 458 in 1984 by enacting a new subdivision (5) (a) (L 1984, ch 525, § 1). This statute authorized local governments to increase or decrease a veteran's real property tax exemption afforded by RPTL 458 in the same proportion as the new full value assessment method increased or decreased

---

1. *Matter of Hellerstein v Assessor of Town of Islip (supra)* was legislatively overruled in 1981 by the repeal of RPTL 306 (L 1981, ch 1057, § 1).

the total assessed value of the property (RPTL 458 [5] [a]). Opting to exercise this authority, respondent Town Board of the Town of Ticonderoga enacted Local Law No. 3 of 1985 which required proportional adjustment *(see,* Local Laws, 1985, No. 3 of Town of Ticonderoga, § 1); however, in 1990, the Town Board repealed this law *(see,* Local Laws, 1990, No. 1 of Town of Ticonderoga, § 1).

■ ■ ■ Petitioner, a World War II veteran who for many years had been receiving a $5,000 exemption from payment of real property taxes pursuant to RPTL 458 (1) and (2), initiated this proceeding challenging the Town Board's repeal of Local Law No. 3 of 1985. He maintained that the State has preempted this area, that the repeal unconstitutionally removed a vested right that he has to continue receiving the real property tax exemption, and that RPTL 458 does not permit local taxing authorities to repeal a law enacted pursuant to its mandate. We disagree.

■ Preliminarily, we note that petitioner's challenge to the constitutionality of Local Law No. 1 of 1990 should have been brought as a declaratory judgment action *(see, Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184, 191-192); invoking our authority under CPLR 103 (c), we convert the proceeding accordingly *(see, Matter of FYM Clinical Lab. v Perales,* 147 AD2d 840, 841, *affd* 74 NY2d 539).

■ Regarding the merits, there is no indication, express or implied, that the Legislature intended to preempt the area of veterans' real property tax exemptions beyond the $5,000 exclusion that RPTL 458 (1) and (2) provide *(compare, Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 105). In fact, the statute specifically reserves to local authorities the decision of whether to adjust the exemption proportionally by the amount which the assessed valuation of the property has increased or decreased as a result of the change to full value assessment (RPTL 458 [5] [a]; *see, Matter of Burrows v Board of Assessors,* 64 NY2d 33, 37, n).

■ As for petitioner's contention that he has a vested right to the continuation of this favorable tax treatment, this argument runs counter to the well-recognized proposition that citizens have no vested right in statutory exemptions *(Matter of Kohn v Bates,* 275 App Div 431, 433, *affd* 300 NY 722; *see,* 20 NY Jur 2d, Constitutional Law, § 302, at 451). A taxing authority is not foreclosed from changing its view respecting the continued allowance of a tax exemption because the passage of time creates no vested right in a tax exemption *(cf.,*

*Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 87 AD2d 12, 19, *revd on other grounds* 57 NY2d 588).

Lastly, local governments have the authority to adopt, amend, change or supersede laws so long as the "new" legislation is not inconsistent with the provisions of the Constitution or any general law[2] (Municipal Home Rule Law § 10 [1] [i]; § 22 [2]; *see,* Municipal Home Rule Law § 10 [1] [ii] [a] [8], [9]; cf., NY Const, art IX, § 3 [b]). Petitioner suggests that because RPTL 458 (5) (a) permits local authorities to only *adopt* laws *(compare,* RPTL 458-a [4] [a]), Local Law No. 1 of 1990, which *repeals* Local Law No. 3 of 1985, is inconsistent with the statute; therefore, the argument continues, the Town Board had no authority to supersede its local law.

The Legislature's treatment of the 1984 version of RPTL 458-a (4) (a), the wording of which mirrors that of the statutory provision at issue herein, is significant. That section permitted "any county, city, town or village [to] adopt a local law to provide that no exemption shall be granted" (RPTL 458-a [4] [a], as added by L 1984, ch 525, § 3, as amended by L 1985, ch 899). Although the Legislature specifically amended this statute in 1985 to empower localities to repeal local laws opting out of or reducing the ceiling on alternative veterans' exemptions, such power, which had apparently been contested, was believed to be already "[i]mplicit in [1984's] law" (letter from Assemblyman Paul Harenberg to Governor Cuomo [July 11, 1985], Governor's Bill Jacket, L 1985, ch 899). This latter view was expressly embraced by the Legislature, thus resolving any dispute as to its intention *(ibid.).*

In light of the similarity of language and purpose of these two statutes, which were enacted as part of a comprehensive legislative package *(see,* L 1984, ch 525), it may be fairly implied that the Legislature similarly intended RPTL 458 (5) (a) to permit local governments to repeal laws enacted pursuant thereto. Moreover, as Local Law No. 1 of 1990 neither prohibits that which State law permits nor permits that which State law forbids *(see, Council For Owner Occupied Hous. v Koch,* 119 Misc 2d 241, 245, *affd* 61 NY2d 942), we find no inconsistency.

MAHONEY, P. J., LEVINE, MERCURE and CREW III, JJ., concur.

---

2. As a State statute which in terms and effect applies alike to all counties, cities towns, and villages, RPTL 458 (5) (a) is a general statute (Municipal Home Rule Law § 2 [5]).

Ordered that the judgment is modified, on the law, without costs, by converting this CPLR article 78 proceeding into an action for declaratory judgment; declare that Local Law No. 1 of 1990 of the Town of Ticonderoga has not been shown to be unconstitutional; and, as so modified, affirmed.