■ In the Matter of John Wright, Respondent, v Board of Assessors of the Town of Ticonderoga et al., Appellants.— Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Dier, J.), entered October 1, 1990 in Essex County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Assessment Board of Review of the Town of Ticonderoga

denying petitioner's request for a redetermination of the assessed value of his property.

Petitioner, a World War II veteran, was exempt from local property taxes for many years because the $5,000 veteran's exemption granted to him pursuant to RPTL 458 exceeded the assessed value of his property. In August 1985, the Town Board of the Town of Ticonderoga in Essex County adopted Local Law No. 3 of 1985. It declares that "[t]he veterans *[sic]* exemption provided by [RPTL 458] shall be increased or decreased in proportion that the assessed valuation of real property on which the exemption has been granted is increased or decreased due to full value assessments". In 1990, the Town reassessed the real property therein at full value. As a consequence, in March of that year, petitioner received notice that his property, which had previously been assessed for Town and County taxes at $4,850, would be assessed at $63,300 effective January 1991.

Unable to effect a change in his assessment administratively, petitioner initiated this proceeding seeking relief pursuant to RPTL 458 (5) (a) and Local Law No. 3. In a memorandum order dated September 28, 1990, Supreme Court granted this petition. Thereafter, in October 1990, Local Law No. 3 of 1985 was repealed by Local Law No. 1 of 1990. When petitioner challenged the Town Board's determination to repeal the 1985 local law, we upheld the Town Board's right to do so *(see, Matter of Wright v Town Bd.,* 169 AD2d 190).

Initially, we reject petitioner's contention that respondents' appeal is untimely. It is not disputed that petitioner served Gerald Lawson, the Town Attorney of many years, with a copy of the judgment and notice of entry on October 4, 1990, or that respondents served a notice of appeal on petitioner on November 13, 1990, more than 30 days thereafter *(see,* CPLR 5513 [a]). As to the timeliness of respondents' appeal, the critical issue is whether service on Lawson satisfied the requirement of CPLR 2103 (b). That rule provides in relevant part that "papers to be served upon a party in a pending action shall be served upon [its] attorney". The papers before us disclose that attorney Peter A. Firth and his law firm represented respondents at all pertinent times in the several veterans exemption assessment proceedings instituted against respondents.

It is true that, where a town board has established the office of town attorney, counsel employed by the town board "in respect to any particular subject matter, proceeding or litigation" is employed as "counsel to the town attorney" (Town

Law § 20 [2] [a]; *see, Graves v Lombardi,* 70 Misc 2d 1053, 1056, *affd* 42 AD2d 700), commonly referred to as "special counsel" *(Crotty v Town of New Windsor,* 106 Misc 2d 223, 225). The determination, however, of who should have been served here depends upon who is respondents' counsel of record *(see, Moses v Penney Co.,* 135 AD2d 1147; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2103.03). Black's Law Dictionary defines "counsel of record" as the "[a]ttorney whose appearance has been filed with court papers" (Black's Law Dictionary 348 [6th ed 1990]). Firth and his firm are clearly identified as "attorneys for the respondents" on all the papers filed on respondents' behalf. Petitioner himself refers to Firth as "attorney for respondents" and the court's memorandum order plainly indicates Firth's firm as representing respondents. Furthermore, the fact that Firth's firm may not have been formally substituted as attorney for respondents has not heretofore been challenged, hence objection to their representation of respondents is waived *(see, Doerle v Doerle,* 96 Misc 72, 72-73; 6 NY Jur 2d, Attorneys at Law, § 63, at 534-535). Since "[a] party seeking to limit the right of his adversary to appeal is held to strict practice" *(Moses v Penney Co., supra),* and petitioner here did not serve the order appealed from on respondents' attorney of record, the appeal will not be dismissed as untimely *(see, Kelly v Sheehan,* 76 NY 325, 326).

Although respondents' notice of appeal is premature, in the interest of judicial economy we will treat such notice as effectual and entertain respondents' appeal on the merits *(see,* CPLR 5520 [c]; *Matter of Wayne M. v Francis N.,* 154 AD2d 837, 839). We find unconvincing respondents' argument that petitioner is not entitled to an increase in his veteran's exemption for Town and County taxes because RPTL 458 (5) (a) requires not only that Local Law No. 3 be adopted prior to October 31, 1985, but also that the County implement full value assessment by that date. This interpretation does not comport with the very language of RPTL 458 (5) (a), which states that "the amount of the exemption heretofore or *hereafter* granted may, pursuant to local law adopted by a tax district * * * on or before [Oct. 31, 1985], be increased or decreased in such *subsequent* year in the same proportion as the total assessed value has been increased or decreased" (emphasis supplied). As Local Law No. 3 was adopted prior to October 31, 1985, and was still in effect when the increase in petitioner's 1990-1991 Town and County taxes became final, petitioner is entitled to the proportional increase in exemption provided therein for that tax year.

Weiss, J. P., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.