John WRIGHT, Plaintiff,

v.

The TOWN BOARD OF TICONDEROGA and Town of Ticonderoga, New York, Defendants.

No. 92–CV–301.

United States District Court, N.D. New York.

Sept. 24, 1992.

John Wright, pro se.

Dreyer Boyajian & Tuttle, Albany, N.Y., for defendants; Brian W. DeVane, of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

Plaintiff *pro se* commenced this lawsuit on March 6, 1992 pursuant to 42 U.S.C. §§ 1983 and 1985, alleging deprivation of rights protected by the fourteenth amendment to the United States Constitution and state statutory law. Jurisdiction is based upon the existence of a civil rights claim, 28 U.S.C. § 1343 (1988), and supplemental jurisdiction, 28 U.S.C. § 1367 (West Supp. 1992). Presently before the court is defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1), 12(b)(6). Because the court finds that plaintiff's suit is barred by collateral estoppel, defendants' motion to dismiss with prejudice is granted.

## I. BACKGROUND

Plaintiff, an honorably discharged World War II veteran, owns real property in the Town of Ticonderoga, New York, one of the defendants in this action. From 1985 to 1990, plaintiff's veteran status entitled him to a real property tax exemption pursu-

ant to N.Y. Real Prop.Tax L. § 458 and the corresponding local (Town of Ticonderoga) law. In 1990, the defendant Town Board repealed the veterans' tax exemption. Disgruntled by the Town Board's action, plaintiff commenced a proceeding against the Town and the Town Board in New York State Supreme Court in July, 1990, seeking to reinstate his real property tax exemption.[1] Devane Aff. (8/6/92) exh. "A" (notice of petition). The state supreme court dismissed plaintiff's petition on January 11, 1991. *Wright v. Town of Ticonderoga*, No. 90.0344, slip op. at 4 (N.Y.Sup.Ct., Essex Cty., Jan. 11, 1991).[2] The Appellate Division of the Supreme Court (Third Department) affirmed the supreme court's decision on July 11, 1991, *Wright*, 575 N.Y.S.2d 979, and the Court of Appeals denied appeal on December 18, 1991, *Wright*, 79 N.Y.2d 751, 579 N.Y.S.2d 651, 587 N.E.2d 289 (Ct.App.1991).

Having exhausted his recourse in state court, plaintiff commenced the instant action, once again seeking reinstatement of the Town's real estate exemption for veterans. The only cognizable difference between the two suits is the asserted basis for redress: in his state court proceeding, plaintiff alleged that the repeal violated state constitutional and statutory law and art. I, § 10 of the United States Constitution, *see* Devane Aff (8/6/92) exh. "A", whereas in the present case plaintiff also alleges that the repeal violates the fourteenth amendment to the United States Constitution and 42 U.S.C. §§ 1983, 1985, *see* Complaint ¶ 7. In addition to seeking reinstatement of tax exemption, plaintiff seeks to recover $6 million in punitive damages.

---

**1.** Plaintiff apparently harbors some disdain for the defendant Town of Ticonderoga. In the last three years alone, he has sued the Town on at least five different occasions (including the present case). *See Wright v. Board of Assessors of the Town of Ticonderoga*, 169 A.D.2d 190, 572 N.Y.S.2d 397 (App.Div.3d Dep't) (unsuccessfully seeking reinstatement of real property tax exemption, as discussed *infra*), *later proceeding*, 177 A.D.2d 741, 575 N.Y.S.2d 979 (App.Div.3d Dep't) (successfully seeking increase in amount of exemption), *appeal denied*, 79 N.Y.2d 751, 579 N.Y.S.2d 651, 587 N.E.2d 289 (Ct.App.1991); *Wright v. Town of Ticonderoga*, 161 A.D.2d 1021, 558 N.Y.S.2d 199 (App.Div.3d Dep't 1990) (unsuccessfully seeking abolition of police department); *Wright v. Town of Ticonderoga*, 160 A.D.2d 1156, 554 N.Y.S.2d 364 (App.Div.3d Dep't 1990) (unsuccessfully challenging town official's withdrawal of resignation); *Wright v. Town of Ticonderoga*, 158 A.D.2d 783, 551 N.Y.S.2d 76 (App.Div.3d Dep't 1990) (unsuccessfully seeking to hold town and others in contempt for failing to fire a police officer).

**2.** A copy of the decision has been provided to the court in Devane Aff. (8/6/92) exh. "B".

## II. DISCUSSION

■ Plaintiff's suit, when considered in conjunction with his state court proceedings, presents a textbook model of a case barred by collateral estoppel, or issue preclusion. Since plaintiff is proceeding *pro se*, he cannot be presumed to have working knowledge of this complex but fundamental doctrine.[3] In sum, federal courts must afford the same binding (or "preclusive") effect to a state court's judgment as courts of that state would give the judgment in a subsequent proceeding. *Migra v. Warren City School Dist.*, 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984); 28 U.S.C. § 1738 (1988). Therefore, this court must apply New York principles of preclusion in considering defendants' motion to dismiss. *E.g. Antonsen v. Ward*, 943 F.2d 198 (2d Cir.1991); *Laskin v. Town of Athens*, No. 89–CV–801, 1992 WL 3182 *2, 1992 U.S.Dist.LEXIS 50 *7 (N.D.N.Y. Jan. 3, 1992) (McCurn, C.J.). Under New York law, the doctrine of collateral estoppel bars a plaintiff from litigating issues that have been previously adjudicated when (1) there is an identity of issue between the prior action and the present action, and (2) the common issue was necessarily decided in the prior action. *E.g. ITT Corp. v. United States*, 963 F.2d 561, 563–64 (2d Cir.1992); *Owens v. New York City Housing Auth.*, 934 F.2d 405, 409 (2d Cir.1991); *Wilder v. Thomas*, 854 F.2d 605, 616 (2d Cir.1988), *cert. denied sub nom*, 489 U.S. 1053, 109 S.Ct. 1314, 103 L.Ed.2d 583 (1989) (citations omitted).

■ Collateral estoppel applies to bar this suit because elements of all of the issues presented herein were necessarily resolved on the merits against plaintiff in his state court proceeding. In fact, the causes of action that plaintiff asserts in this case are identical to those finally adjudicated in the state tribunal, with the exception of his new claim brought under the due process clause of the fourteenth amendment. The due process claim is similarly barred, however, because an essential element of the claim was finally adjudicated against him in state court.

The due process clause states that "[n]o state ... [shall] deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV. In order to prevail on his due process claim, plaintiff would have to prove that he held a constitutionally protected right, or interest, in a real estate tax exemption such that repeal of the exemption without due process would deprive him of that interest. *Cf., e.g., Frasier v. Dep't of Health and Human Serv.*, 779 F.Supp. 213, 221–22 (N.D.N.Y.1991) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989); *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 463, 101 S.Ct. 2460, 2463, 69 L.Ed.2d 158 (1981)); *Brotherton v. Cleveland*, 923 F.2d 477, 479 (6th Cir.1991). "A claim of deprivation of due process cannot stand unless plaintiff possesses a right, or interest, which is entitled to due process protection in the first place." *Frasier*, 779 F.Supp. at 221–22. Yet the question of whether plaintiff has a right to an exemption has already been explicitly resolved against him by the state supreme court and affirmed on appeal. In affirming the dismissal of plaintiff's prior lawsuit, the Appellate Division unambiguously answered the "protected interest" inquiry against plaintiff, reasoning:

> As for petitioner's contention that he has a vested right to the continuation of this favorable tax treatment, this argument runs counter to the well-recognized proposition that citizens have no vested right in statutory exemptions (*Matter of Kohn v. Bates*, 275 App.Div. 431, 433, 90 N.Y.S.2d 391, *aff'd*, 300 N.Y. 722, 92 N.E.2d 60, *see*, 20 N.Y.Jur.2d, Constitutional Law, § 302, at 451). A taxing authority is not foreclosed from changing its view respecting the continued allowance of a tax exemption because the passage of time creates no vested right in a tax exemption (*cf. Matter of Trump–Equitable Fifth Ave. Co. v. Gliedman*,

---

**3.** Plaintiff can take solace in knowing that many of the lawyers who practice in this court do not understand the rule, either.     .

87 A.D.2d 12, 19, 450 N.Y.S.2d 321, *rev'd on other grounds*, 57 N.Y.2d 588, 457 N.Y.S.2d 466, 443 N.E.2d 940).

*Wright*, 572 N.Y.S.2d at 399.

The Appellate Division's ruling prevents this court from risking a contradictory result by revisiting the identical issue here. *See, e.g., Wilder*, 854 F.2d at 616. The Appellate Division's ruling is fatal to plaintiff's present suit because it prevents him from arguing that he has a right to a tax exemption. Without being able to establish such a right, he cannot maintain his due process claim under the fourteenth amendment. *See Frasier*, 779 F.Supp. at 221–22; *see generally Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

To that end, the court necessarily rejects plaintiff's contention that the state court ruling does not affect this case. Plaintiff argues that his due process claims should not be barred because he did not specifically claim a federal due process deprivation in his earlier proceeding. This argument is without merit because plaintiff nonetheless claimed a right to a veterans tax exemption, thereby requiring the state court to address and rule on the question of whether he has a right to an exemption. As discussed above, in reviewing plaintiff's due process claim, the court would have to make the identical inquiry since the existence of a protected right is an essential element of a due process claim. *E.g. Frasier*, 779 F.Supp. at 221–22. The fact that the particular cause of action presented to the state court is irrelevent. As the Sec-

ond Circuit recently instructed, " '[u]nder collateral estoppel, once a court has decided an issue of ... law necessary to its judgment, that decision may preclude relitigation of the issue in a suit *on a different cause of action* involving a party to the first case.' " *ITT Corp.*, 963 F.2d at 563–64 (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980)) (emphasis added). The state court's resolution of plaintiff's claim that he possesses a right to a tax exemption precludes this court from relitigating that issue.[4]

In sum, all of the issues raised herein have already been resolved by the state court. Accordingly, this suit is barred by New York principles of collateral estoppel. *See* 28 U.S.C. § 1738.[5]

## III.  CONCLUSION

Plaintiff's suit is barred by collateral estoppel. Accordingly, defendants' motion to dismiss is granted with prejudice.

**IT IS SO ORDERED.**

---

**4.** In his opposition papers (which the court has considered even though they were not timely filed), plaintiff asks the court for leave to file an amended complaint in the form of a petition for certiorari. Even assuming, *arguendo*, that the court could grant this relief, the amendment would not cure the preclusive effect of the state court ruling. Thus, an amended complaint stating the same causes of action but in a petition for certiorari would be futile. Since the court should not grant leave to file a futile amendment, *McLaughlin v. State of New York*, 784 F.Supp. 961, 980 (N.D.N.Y.1992) (McCurn, C.J.) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)), plaintiff's request for leave to amend is denied.

**5.** Today's ruling is based solely upon the doctrine of collateral estoppel and does not rely upon defendants' *res judicata* argument. *Res judicata* probably does not apply to this case because plaintiff seeks recovery of relief which was not available in his article 78 proceeding in state court, *to wit* punitive damages. Since plaintiff seeks relief that was not available to him at the state proceeding, *res judicata* likely cannot bar him from seeking that relief, even based upon the identical cause of action, in a subsequent suit in this court. *See Antonsen v. Ward*, 943 F.2d 198 (2d Cir.1991); *Carino v. Town of Deerfield*, 750 F.Supp. 1156, 1163 (N.D.N.Y.1990) (McCurn, C.J.), *aff'd mem.*, 940 F.2d 649 (2d Cir.1991); *Laskin*, 1992 WL 3182, 1992 U.S.Dist.LEXIS 50.