■ In the Matter of HOWARD J. BURROS, Appellant, v VILLAGE OF DANSVILLE et al., Respondents. [662 NYS2d 959] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: On August 1, 1995, petitioner purchased real property located at 148-152 Main Street in the Village of Dansville. The building has three separate water and sewer accounts, one for the storefront business on the first floor and two for apartments on the second floor.

Petitioner commenced this CPLR article 78 proceeding after respondents refused to grant petitioner's request to disconnect or discontinue permanently water and sewer services to the two apartments. The petition alleges that respondents' refusal was arbitrary and capricious and seeks a judgment directing respondents to grant the request. It further seeks a judgment directing respondents to "withdraw the false charges" for the property.

Supreme Court determined that the petition in effect challenged the validity and constitutionality of Local Laws Nos. 6 and 7 of 1995 and converted the proceeding to a declaratory judgment action. Those laws amended previously enacted local laws by deleting provisions therein that authorized abatement of water and sewer rents.

We conclude that the court erred in converting this proceeding to a declaratory judgment action because the petition does not challenge the validity or constitutionality of the local laws and does not seek declaratory relief (see, Matter of Wright v Town Bd., 169 AD2d 190, 192, lv denied 79 NY2d 751).

We further conclude that respondents' refusal to grant petitioner's request was not arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231). At the time of petitioner's request, respondents had no authority to terminate services or abate the water and sewer rents.

We agree with the court that petitioner failed to exhaust his administrative remedies with respect to his contention concern-

ing that part of the alleged "false charges" for the property that involved estimated usage in one of the apartments (see, Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834). Petitioner has yet to cooperate in scheduling a meter reading. (Appeal from Judgment of Supreme Court, Livingston County, Cicoria, J.—CPLR art 78.) Present—Green, J. P., Pine, Doerr, Balio and Fallon, JJ.