Matter of Reese v Erie County Bd. of Elections (2019 NY Slip Op 04307)





Matter of Reese v Erie County Bd. of Elections


2019 NY Slip Op 04307


Decided on May 30, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, AND WINSLOW, JJ.


736 CAE 19-00957

[*1]IN THE MATTER OF PETER A. REESE, PETITIONER-APPELLANT,
v
ERIE COUNTY BOARD OF ELECTIONS, JEREMY ZELLNER, AS COMMISSIONER OF ERIE COUNTY BOARD OF ELECTIONS, RALPH MOHR, AS COMMISSIONER OF ERIE COUNTY BOARD OF ELECTIONS, AND LYNN M. DEARMYER-LEE, RESPONDENTS-RESPONDENTS. 






PETER A. REESE, PETITIONER-APPELLANT PRO SE.
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF COUNSEL), FOR RESPONDENTS-RESPONDENTS ERIE COUNTY BOARD OF ELECTIONS, JEREMY ZELLNER, AS COMMISSIONER OF ERIE COUNTY BOARD OF ELECTIONS,
OF ELECTIONS. 
JESSICA A. KULPIT, BUFFALO, AND VANDETTE PENBERTHY, LLP, FOR RESPONDENT-RESPONDENT LYNN M. DEARMYER-LEE.


 Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered May 9, 2019 in a proceeding pursuant to Election Law article 16. The order upheld the determination of respondent Erie County Board of Elections invalidating the designating petition of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law article 16 seeking to validate his designating petition for the position of Erie County Executive. The designating petition was invalidated by respondent Erie County Board of Elections (Board), based upon objections filed by Lynn M. Dearmyer-Lee (respondent), on the ground that it lacked a sufficient number of valid signatures. Supreme Court dismissed the petition, and petitioner appeals.
As an initial matter, we decline to consider the request for declaratory relief raised by petitioner in his brief inasmuch as the petition itself "does not seek declaratory relief" (Matter of Burros v Village of Dansville, 242 AD2d 935, 935 [4th Dept 1997]).
We reject petitioner's contention that respondent failed to adequately specify the grounds for her objections to petitioner's designating petition (see Election Law § 6-154 [2]; 9 NYCRR 6204.1). In any event, in this proceeding to validate his designating petition, petitioner had the burden of establishing the validity of the designating petition (see Matter of Boniello v Niagara County Bd. of Elections, 131 AD3d 806, 807 [4th Dept 2015]), and we conclude that he failed to meet that burden.
Petitioner further contends that the Board violated the Open Meetings Law by precluding him from filming its meeting to review respondent's objections to the designating petition (see [*2]Public Officers Law § 103 [d] [1]). Even assuming, arguendo, that "the Board's meeting to review objections to petitioner's designating petition, which did not involve deliberation on a matter of public policy, could be deemed subject to the Open Meetings Law" (Matter of Krauss v Suffolk County Bd. of Elections, 153 AD3d 1211, 1213 [2d Dept 2017]; see generally Matter of Perez v City Univ. of N.Y., 5 NY3d 522, 528 [2005]), we note that " [n]ot every breach of the "Open Meetings Law" automatically triggers its enforcement sanctions' " (Matter of Max v Ward, 107 AD3d 1597, 1600 [4th Dept 2013], quoting Matter of New York Univ. v Whalen, 46 NY2d 734, 735 [1978]; see § 107 [1]). We conclude that petitioner has "failed to show good cause why . . . we should exercise our discretion" to impose the requested sanctions against the Board (Max, 107 AD3d at 1600 [internal quotation marks omitted]).
We have reviewed petitioner's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: May 30, 2019
Mark W. Bennett
Clerk of the Court